### STATE v. ORR

#### (126 S. E., 766)

1. CRIMINAL LAW—PHYSICIAN'S TESTIMONY THAT WADDING WAS FIRED FROM TEN-GAUGE GUN HELD ADMISSIBLE.—In murder prosecution physician who testified that he had attended deceased, had extracted bullet, and removed gun wadding from his body, and had ascertained from measurement that wadding was fired from ten-gauge gun, was properly permitted to testify to fact so ascertained.

2. CRIMINAL LAW—TESTIMONY AS TO ALL THAT OCCURRED AT TIME OF KILLING HELD ADMISSIBLE AS PART OF RES GESTÆ.—In homicide prosecution, testimony as to all that occurred at time of killing was admissible as part of *res gestæ.*

3. CRIMINAL LAW—TESTIMONY AS TO FIGHT BETWEEN DEFENDANT AND DECEASED'S SON FIVE MINUTES BEFORE KILLING, HELD ADMISSIBLE AS PART OF RES GESTÆ.—Where killing of deceased followed fist fight between defendant and deceased's son five minutes prior to killing, son's testimony as to fight was admissible as part of *res gestæ.*

4. HOMICIDE—TESTIMONY AS TO BULLET MARKS ON DOOR AND SOAP RACK, HELD ADMISSIBLE IN PROSECUTION INVOLVING ISSUE AS TO DIRECTION TAKEN BY BULLET.—In homicide prosecution, in which direction of bullet was material, testimony as to bullet marks on door and soap rack *held* admissible.

5. HOMICIDE—ADMISSION OF TESTIMONY AS TO AGE OF DECEASED HELD NOT ERROR.—In homicide prosecution, admission of testimony that defendant "was pretty old, he was an old Confederate veteran," *held* not error.

6. HOMICIDE—SHERIFF'S TESTIMONY AS TO CONDITION OF STORE IN WHICH KILLING TOOK PLACE IMMEDIATELY AFTER KILLING HELD ADMISSIBLE.—In prosecution for murder committed in store, Sheriff's testimony as to condition of store immediately after killing *held* admissible.

7. HOMICIDE—EVIDENCE HELD TO MAKE ISSUE AS TO WHETHER KILLING WAS UNPROVOKED MURDER.—In homicide prosecution, evidence *held* to create issue as to whether the killing was unprovoked murder.

8. HOMICIDE—CHARGE AS TO SELF-DEFENSE WHERE DEFENDANT'S PLEA WAS NOT GUILTY HELD NOT ERROR.—In homicide prosecution, in which defendant's plea was "not guilty," action of Court in charging jury as to self-defense *held* not error.

9. HOMICIDE—EVERY DEFENSE AVAILABLE TO DEFENDANT UNDER PLEA OF NOT GUILTY.—Under plea of not guilty, defendant was entitled to every defense.

10. CRIMINAL LAW—STATE HAD BURDEN OF PROVING DEFENDANT GUILTY BEYOND REASONABLE DOUBT.—It was incumbent on State to prove defendant guilty beyond reasonable doubt.

11. CRIMINAL LAW—CHARGE AS TO SELF-DEFENSE HELD NOT ERRONEOUS.—In homicide prosecution, charge that "whether or not defendant is guilty of murder or manslaughter, the same rules apply with reference to the principal elements of self-defense" *held* not objectionable on ground that it placed the burden of proving his innocence by greater preponderance of evidence upon defendant.

12. HOMICIDE—INSTRUCTION AS TO MANSLAUGHTER HELD NOT ERRONEOUS.—In homicide prosecution, charge that, "if you find that the State has made out her case, not of murder, but of manslaughter, and the defendant has failed to establish his plea of self-defense by the greater weight of the evidence, then your verdict should be manslaughter," *held* not erroneous.

Before MAULDIN, J., Charleston, September, 1924. Affirmed.

Carroll Orr was convicted of murder, and he appeals. Affirmed.

See, also, 122 S. E., 771.

Testimony referred to in exception 1 is that of physician who attended deceased. He testified that he extracted bullet and removed gun wadding from deceased's body, that he

could tell the gauge of the gun from which the wadding was fired, and that the gun was a 10-gauge gun, ascertained from measurement.

The state's evidence showed that defendant entered the store of deceased's son and purchased some sugar; that quarrel followed on son's refusal to charge the sugar, and on defendant's objection to price asked therefor by the son; that defendant cursed the son, and the son went around the counter and hit at defendant; that fight followed; that defendant left, and in about five minutes returned, and fired at the deceased, the son, and the son's daughter; that all three were hit; and that deceased died as result of wounds received.

The exceptions are as follows:

I. It is respectfully submitted that the presiding Judge erred in allowing the witness, Dr. Tupper, to testify on page 2, lines 10-20, and page 4, lines 20-30, in regard to inserting wadding of gun shell fitting a 10-gauge gun, when the defense requested the Court to strike out all testimony in regard to the said wadding fitting a 10-gauge gun.

II. It is respectfully submitted that the presiding Judge erred in allowing the witness, John Heape, to testify (on page 10, lines 10-30, and page 11, line 1) as follows:

"Q. Then what happened? A. We closed together.

"Q. Did he have anything in his hand at that time? A. I did not see it, but he cut my arm. (Objected to by defendant as irrelevant.)

"The Court: Let him relate the details in so far as it is connected with this defendant.

"Q. Did you have anything in your hand? A. No, sir.

"Q. Did he strike you? A. Yes, and we rolled out of the store on the ground, and I may have hit him once or twice, I did not want to hurt him, and I got up and he left, and said I will see you in a minute, and in about five minutes he came back and shot my father down and shot at me behind the show case, and two shots struck my daughter.

(Objected to by defendant as irrelevant, and moved to be stricken.)"

The solicitor commented: "I have no desire to bring it out, but we submit the Court failed to have the above testimony stricken from the record."

III. It is respectfully submitted that the presiding Judge erred in allowing the witness St. Clair Rivers to testify when same was objected to by defendant as irrelevant (page 23, lines 10-30) :

"Q. What is that? A. The soap rack.

"Q. What did you find in the soap rack? A. Mr. and Mrs. Garvin found three buckshot in the soap.

"Q. What did you find in the back door? A. A couple of buckshot. (Objected to by defendant as irrelevant.)

"The Court: There is some question about the direction of the bullet.

"Defendant's Counsel: We submit that this testimony is incompetent because the witness was testifying as to what somebody else found, nor did he fix a time, place, or date as to when he found a couple of buckshot in the door, and we submit that this testimony was incompetent to go to the jury."

IV. It is respectfully submitted that the presiding Judge erred in not striking from the testimony of Royal Winter the following (page 28, lines 20-30).

"Q. How old a man was he? A. I do not know his age, he was pretty old, he was an old Confederate veteran. (Objected to by defendant as irrelevant.)

"The Court: I do not know what the defense is, it may be self-defense, and it may be material."

We submit that this is absolutely hearsay evidence, and the Court should have stricken this out immediately, and not even commented that it may be material.

V. It is respectfully submitted that the presiding Judge erred in allowing the sheriff of Charleston County to testify as follows (page 36, lines 10-30 page 3, lines 1 and 2) :

"Q. Go ahead: A. When we found out that Mr. Heape was dead we proceeded upstairs and found Mr. John Heape bleeding. (Objected to by defendant as irrelevant; this man is being tried for the murder of J. Madison Heape, and such should be stricken out.)

"The Court: I understand, but it may be necessary for the witness to relate the circumstances around there. I think this testimony is relevant and competent leading up to the facts to be elicited.

"Defendant's Counsel: If this defendant was being tried for the offense it would be competent, but I submit that he is being tried for the murder of J. Madison Heape.

"The Court: I understand, it may or may not be developed to be competent, but testimony that is pertinent is competent.

"Defendant's Counsel: And this was an hour after it took place?

"The Court: It is all in connection with the same inquiry of the sheriff.

"Defendant's Counsel: But not about the murder of the deceased. (Objection overruled.)

"Q. Go ahead. A. I found Mr. Heape upstairs bleading, sitting on a chair, and a young girl lying across the bed. (Objected to by defendant as irrelevant.)

"The Court: Here is a situation which it is for the jury to say was or was not developed by the reason of the facts here.

"The Solicitor: We are quite ready to leave the testimony as to the young girl out.

"Q. Go ahead. A. Mr. Heape was dead and the man who did the shooting we passed on the road."

The error being that the sheriff was testifying to a fact which he did not know anything about at the time, and what he said was all hearsay, and had nothing to do with the case, and that his Honor erred in refusing to strike same out upon motion of defendant's counsel.

VI. It is respectfully submitted that the testimony of the star witness for the State, Henry Payne, was not such as a jury should pass its opinion of the innocence or guilt of the defendant; his testimony being contradictory in many respects (page 54, lines 1-22), indicative of reasonable doubt.

VII. It is respectfully submitted that the evidence adduced from the various witnesses on the stand was not sufficient to support a case of unprovoked murder, and would not warrant the jury in finding a verdict of guilty of murder.

VIII. It is respectfully submitted that his Honor the presiding Judge erred in charging the jury as to self-defense; the error being that there was nothing in the case to indicate that the defendant's plea was such, and the defendant's only plea was not guilty.

IX. It is respectfully submitted that his Honor the presiding Judge erred in charging the jury as follows (page 87, lines 7-10):

"So then gentlemen of the jury, whether or not the defendant is guilty of murder or manslaughter, the same rules apply with reference to the principal elements of self-defense."

The error being that such charge placed the burden of proving his innocence by the greater weight of preponderance of the evidence upon the defendant.

X. It is respectfully submitted that his Honor the presiding Judge erred in charging the jury as follows (page 89, lines 16-20):

"Or if you find that the state has made out her case not of murder, but of manslaughter, and the defendant has failed to establish his plea of self-defense by the greater weight of the evidence, then your verdict could be guilty of manslaughter."

The error assigned, being that the defendant had not entered a plea of self-defense, and in so charging the presiding Judge placed the burden of proof upon the defendant.

*Messrs. A. L. Hamer* and *Wendell E. Ackerman,* for appellant, cite: *Admission of irrelevant testimony:* 68 S. C., 421; 73 S. C., 386; 78 S. C., 83; 78 S. C., 184.

*Mr. James Allen, Solicitor,* for the State, cites: *Admission of testimony not error:* 62 S. C., 281- 292; 55 S. C., 339; 1 McMull 56; 76 S. C., 116; 68 S. C., 276; 71 S. C., 136; 68 S. C., 304; 72 S. C., 74 Res gestae; 1 Bailey 379.

February 25, 1925.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

The appellant was convicted of murder before Judge Mauldin, and sentenced to death. He appealed, and made a motion before a member of this Court to amend his exceptions. That member referred the motion to the whole Court and the Court granted the motion to amend the exceptions, and the exceptions, 10 in number, allege error and seek reversal.

The first exception is overruled as there was no objection at the trial to the admission of this testimony, and some of the evidence was given by Dr. Tupper in response to question by the defendant's attorney, and his opinion was competent to go to the jury. He was suffiently qualified to give his opinion after stating the facts on which he based his opinion. *Jones v. Fuller,* 19 S. C., 66; 45 Am. Rep., 761. *State v. Davis,* 55 S. C., 339; 33 S. E., 449. *Burnett v. Sou. Railway,* 62 S. C., 281-292; 40 S. E., 679. *State v. Thompson,* 76 S. C., 116; 56 S. E., 789.

The second exception is overruled. When Heape was killed everything that occurred at the time of the killing was admissible as part of the *res gestæ,* and when the defendant's counsel objected the solicitor said he had no objection that the answer of John Heape be stricken out, and the record shows this.

The third exception is overruled. No motion was to strike it out. The direction of the bullet was a material matter in the case, and was proper to be submitted to the jury for their consideration. *State v. Lindsey*, 68 S. C., 276; 47 S. E., 389.

Exception 4 is overruled as being without merit.

Exception 5 is overruled as the evidence of the sheriff as to the condition of the store as he found it was competent. He did not testify as to what any one told him, but he testified to a fact as to what he found the condition of the store to be, as the mental attitude of the mental condition of Carroll Orr to the occupants of the store was a material inquiry in the case. *State v. Thrailkill,* 71 S. C., 136; 50 S. E., 551. *State v. Dean,* 72 S. C., 74; 51 S. E., 524.

The seventh exception is without merit and is overruled.

The eighth and ninth exceptions are overruled. The presiding Judge was careful to charge the law covering every phase of the case as to murder, manslaughter, and self-defense. Under the defendant's plea of not guilty, he was entitled to every defense. It was incumbent on the state to prove him guilty beyond a reasonable doubt, and his Honor's charge was not prejudicial to the defendant in any view of the case.

We see no error as complained of by the exceptions. All are overruled and judgment affirmed.

MR. JUSTICE FRASER and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.

MR. JUSTICE MARION concurs in result.

MR. CHIEF JUSTICE GARY and MR. JUSTICE T. P. COTHRAN did not participate.