## 11718

### STATE v. WILLIAMS *ET AL.*

#### (127 S. E., 264)

1. CRIMINAL LAW—COURT'S COMMENT AFTER GIVING INSTRUCTION ON SELF-DEFENSE HELD PREJUDICIAL ERROR.—A defendant being entitled to charge on law of self-defense whether killing is admitted or not, it was error for Court, after charge on self-defense, to remark, "But these defendants say they didn't do it; so I don't see any use to say anything further as to self-defense."

2. HOMICIDE—INSTRUCTION AS TO MANSLAUGHTER HELD ERRONEOUS.— Instruction, "There is another form of manslaughter when a man acts in a careless, reckless way, and kills somebody, which would otherwise be an accident. The law says that is manslaughter, when it is more than a mere accident"—*held* erroneous; "more than a mere accident" being inclusive of ordinary negligence and carelessness, and simple negligence, causing death of another, not being manslaughter.

Before WILSON, J., Sumter, 1924. Reversed and remanded.

John Williams, Sallie Perry and Ethel McBride indicted for murder and upon conviction of manslaughter appeals.

*Messrs. Raymon Schwartz* and *Epps & Levy,* for appellants, cite: *Charge on facts:* 85 S. C., 273. *Judge should have charged law of self defense:* 128 S. C., 279; 109 S. C., 245. *Negligence will not support conviction of manslaughter:* 128 S. C., 265.

*Mr. F. A. McLeod, Solicitor,* and *Harby, Nash & Hodges,* for the State, cite: *Witness cannot be contradicted on irrelevant matter:* 33 S. C., 592; 49 S. E., 417. *Charge on facts:* 38 S. C., 31. *Proof necessary to conform to indictment, as to weapon used:* 14 Rich. L., 228; 106 S. C., 281. *Not error to charge law in different language from request:* 100 S. E., 151. *Improper argument:* 88 S. C., 237. *Negligence amounting to manslaughter:* 66 S. C., 423.

March 14, 1925.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN.

Upon conviction of manslaughter upon trial for the murder of Frank Frierson at the 1923 term of the Court of general sessions for Sumter County, the defendants appealed.

The exceptions are numerous and several of them present questions which are hardly necessary to the determination of this appeal. Similar questions will not likely be raised upon the next trial of this case.

The first four exceptions charge error on the part of the trial Judge in refusing to direct a verdict of not guilty as to all of the defendants. Without expressing an opinion as to the sufficiency of this testimony to convict, a careful reading of the record convinces us that the trial Judge did not err in submitting the issues of fact to the jury.

Exception 9 charges error on the part of the trial Judge in his charge relative to self-defense. It appears from the case of *State v. Orr* (S. C.), 127 S. E., 771, that a defendant has the right to have the law of self-defense charged by the Court, whether the killing is admitted or not. In the present case the trial Judge charged the jury the law of self-defense, but then said:

"But these defendants say they did not do it, so I do not see any use to say anything further as to self-defense."

If the defendants had the legal right to have the charge of self-defense presented to the jury, it was certainly prejudicial error to have that charge nullified.

Exception 10 imputes error on the part of the trial Judge in charging the jury as follows:

"There is another form of manslaughter when a man acts in a careless, reckless way and kills somebody which would otherwise be an accident. The law says that is manslaughter when it is more than a mere accident." ·

"More than a mere accident," would include ordinary negligence or carelessness, and the very recent case of *State v. Davis*, 128 S. C., 265; 122 S. E., 770, distinctly holds that simple negligence in causing the death of another would not be manslaughter.

Exceptions 9 and 10 are sustained. As to the other exceptions, they were "mere incidents of that trial," as stated in *State v. Orr, supra,* and do not require special consideration.

Judgment reversed, and new trial ordered.

Messrs. Justices Watts, Fraser and Marion concur.

Mr. Chief Justice Gary and Mr. Justice T. P. Cothran did not participate.