## STATE v. BUNYON

### (135 S. E., 361)

1. INTOXICATING LIQUORS.—Evidence, in prosecution for manufacturing spirituous liquor, *held* for jury.

2. INTOXICATING LIQUORS.—Charge as to unlawful intent to make liquor from mash *held* not erroneous, in view of language immediately following.

3. CRIMINAL LAW.—Circuit Judge must instruct on law of circumstantial evidence when state depends entirely thereon for conviction.

4. CRIMINAL LAW.—State, having adduced testimony of admitted ownership of still and still pipe containing whisky, did not depend solely on circumstantial evidence, and omission to charge on circumstantial evidence was not error.

5. CRIMINAL LAW.—Charge in prosecution for manufacturing liquor as to necessity of proof of guilt beyond reasonable doubt *held* not erroneous.

Before RICE, J., Barnwell, May, 1926. Affirmed.

John Allen Bunyon was convicted of manufacturing spirtuous liquors, and he appeals.

*Messrs. Harley & Blatt,* for appellant, cite: *Proof of possession of still and mash insufficient to prove charge of man-*

*ufacturing liquor:* 132 S. E., 613; 130 S. E., 213; 126 S.
E., 765; 91 S. C., 265; 129 S. E., 123; 122 S. E., 645; 122
S. E., 639; 122 S. E., 246. *Requirements for proof by cir-
cumstantial evidence:* 125 S. E., 922; 127 S. E., 657; 120
S. E., 557. *Duty of Court to charge law of circumstantial
evidence where prosecution relies solely on it:* 126 S. E.,
765. *Court charged on the facts:* 130 S. E., 644. *No duty
on defendant to call attention to error of law:* 118 S. C., 262.

*Mr. B. D. Carter, Solicitor,* for respondent.

October 26, 1926.

The opinion of the Court was delivered by MR. JUSTICE
BLEASE.

The appellant, John Allen Bunyon, with his wife, Olivia
Bunyon, and his brother, Lloyd Bunyon, were tried in the
Court of General Sessions for Barnwell County on a charge
of violation of the prohibition law. The indictment set up
two counts, first, the unlawful possession of alcoholic liquors;
and, second, manufacturing spirituous liquors.

At the conclusion of all the testimony, there was a motion
for a direction of a verdict on behalf of each of the defend-
ants. With the consent of the Solicitor, the trial Judge,
Hon. H. F. Rice, directed verdicts of not guilty as to the
defendants, Olivia and Lloyd Bunyon, but refused the
motion as to the appellant, John Allen Bunyon.

The verdict of the jury in the case against John Allen
Bunyon was "not guilty" of possession, and "guilty" on
the count charging manufacturing. A motion for a new
trial was made upon the ground that there was no evidence
upon which to base the conviction; this motion was refused;
and the appellant was thereupon sentenced to serve six
months upon the public works of Barnwell County or for a
like period in the state penitentiary.

The exceptions which charge error in the refusal to direct
a verdict acquittal and the refusal to grant a new trial will
be considered together.

The testimony on behalf of the State, as given by Sheriff Dyches, Magistrate Sanders, and Constable Scott, was to the effect that they searched the premises owned by Lloyd Bunyon where John Allen Bunyon and his wife, Olivia, lived; that in a kitchen adjoining the dwelling house were found a complete copper still and a barrel of mash, which were covered up with fodder; that the still pipe was full of liquor; that the still was what is termed a "kerosene outfit." and that a kerosent stove was found in another part of the house; that water had been run off the mash; that the appellant admitted to the officers that the still was his property; that the still had been lately run.

The testimony for the defendants came from the appellant and his wife. The wife denied any knowledge as to the still and mash being in the house. She stated that the night previous to the raid by the officers that she and her husband "went to commencement, and came back home about 12 o'clock"; and that her husband did not bring the still back with them.

The appellant testified that he brought the still to his home about 12 o'clock the night previous to the raid with the intention of making whisky, but that he had not made any; that he placed the mash in the kitchen, but that he did not know anything about any whisky being in the still pipe. On cross-examination, the appellant evaded answering directly questions of the Solicitor. He could not tell, according to his testimony, whether the still was hot or cold when he secured it, or from whom he got it, and the Court and jury must have been satisfied from his answers that he was seeking to keep from disclosing the whole truth.

We think the Circuit Judge was right in submitting the case to the jury, and we are unable to find any error in his refusal to grant the motion for a new trial.

The appellant contends that there was error on the part of the Circuit Judge in charging the jury as follows:

"Now, it is not against the law to have mash in your possession; no question about that, unless it is mash which is intended to be manufactured into alcoholic liquors. A man might make up mash for his stock of hogs. That is all right, but if he has it for the purpose of making liquor. and it reaches that stage where the alcohol is already formed in it, and all that is necessary is to separate the alcohol from the foreign materials, and if he intends to make liquor, then he has violated the law, because he has gone through the process of manufacturing intoxicating liquor."

The sentence immediately following the language excepted to was as follows:

"The law says it is against the law to manufacture alcoholic liquor, which, if drunk to excess, will produce intoxication."

That sentence, taken in connection with the language excepted to and the other part of the charge relating to the crime of "manufacturing," made the charge, in our opinion, a correct statement of the law.

The appellant contends that the Judge did not charge upon the law as to circumstantial evidence and that he should have done so, although there was no request for such instructions. There is no doubt as to the proposition that when the State depends entirely upon circumstantial evidence for the conviction of an accused person, it is the duty of the Circuit Judge to instruct the jury as to the law governing testimony of that class. In this case, however, the State did not rely solely upon circumstantial evidence. The jury had before it testimony that the appellant had admitted ownership of the still and of the mash, and there was direct and positive testimony from the officers that the still pipe contained whisky.

It is urged that the trial Judge committed prejudicial error in charging the jury as follows:

"It is the duty of the jury to act upon the evidence which the State furnishes, and, if the State convinces them beyond a reasonable doubt that a defendant is guilty, there is nothing for an honest jury to do but return a verdict of guilty. If she has failed to do that, there is nothing for an honest jury to do but return a verdict of not guilty."

It is argued that the jury was instructed to determine the appellant's guilt upon the evidence furnished by the State alone, and that this was equivalent to instruction to disregard the testimony submitted on behalf of the defendant, and, that the language of the Judge was a charge on the facts.

We cannot agree with the contentions of the appellant. The whole paragraph, from which is taken the language objected to, was as follows:

"Now, as to your verdict. You have no interest in this case other than the performance of your duty. The question is, has the State proved the guilt of the accused beyond a reasonable doubt? If she has, outside considerations have nothing to do with it. It is the duty of the jury to act upon the evidence which the State furnishes, and, if the State convinces them beyond a reasonable doubt that a defendant is guilty, there is nothing for an honest jury to do but return a verdict of guilty. If she has failed to do that, there is nothing for an honest jury to do but return a verdict of not guilty."

Taking the charge as a whole, it is our opinion that it was a clear statement of the law and there was no prejudicial error therein to the appellant.

It is the judgment of this Court that all the exceptions be overruled, and the judgment below is affirmed.

MESSRS. JUSTICES WATTS, COTHRAN, and STABLER and MR. ASSOCIATE JUSTICE RAMAGE concur.

MR. CHIEF JUSTICE GARY did not participate.