14857

STATE v. BRICE

(2 S. E. (2d), 391)

*Messrs. Hemphill & Hemphill,* for appellant,

*Mr. W. G. Finley, Solicitor,* for the State,

April 6, 1939.

The opinion of the Court was delivered by MR. M. M. MANN, ACTING ASSOCIATE JUSTICE.

The appellant, Bessie Brice, was tried at the June, 1938, term of General Sessions Court for Fairfield County, on a charge of assault and battery with intent to kill and murder, and convicted.

Appellant is a Negro woman about twenty years of age. She was not represented by counsel at the trial.

The State was represented by the Solicitor. There are a number of exceptions, three of which assign error on the part of the presiding Judge in failing to charge the law of self-defense.

This phase of the case only will be considered.

The testimony is in sharp conflict. The prosecutrix, also a young Negro woman of approximately the same age as appellant, testified in substance that appellant, without any provocation, waylaid, assaulted and severely cut her with a razor. Appellant testified as to bad feeling between herself and prosecutrix; that prosecutrix had attacked, cursed and beaten appellant in appellant's own home; had met appellant on the road and pushed her into the field; had made threats against her, and that on the date of the cutting,

prosecutrix had waylaid her near an abandoned farm house, had assaulted and undertaken to beat appellant with a green dogwood stick and that therefore, in an effort to defend herself, appellant had cut prosecutrix with the razor. Appellant's testimony was corroborated in the main by her husband.

This clearly was an effort on the part of appellant to establish a plea of self-defense.

The charge of the trial Judge, though full and clear to the charge laid in the indictment, made no reference to the law of self-defense.

As was held in *State v. Du Rant,* 87 S. C., 532, 70 S. E., 306, 307, "The requirement of the Constitution that the judge shall declare the law * * * means that he *shall* explain so much of the criminal law as is applicable to the issues made by the evidence adduced on the trial."

In *State v. Faulkner,* 151 S. C., 379, 149 S. E., 108, Justice Stabler said: "The 'right *to eject*' is a *distinct* defense, and, if a charge as to the law governing this right was *applicable* to the case, the defendant was *entitled* to such charge, *whether he requested it or not."*

See, also, *Norris v. Clinkscales,* 47 S. C., 488, 25 S. E., 797; *Collins-Plass v. Hewlett,* 109 S. C., 245, 95 S. E., 510; *Powers v. Rawls,* 119 S. C., 134, 112 S. E., 78.

Hence, the testimony on the part of the appellant having clearly and definitely introduced into the trial the issue of self-defense, and that defense being a "distinct" defense, it became the duty of the trial Judge to charge the law *applicable* to this defense, whether requested or not.

The exception challenging the correctness of the charge of the trial Judge in this particular must be sustained.

The remaining exceptions raise issues which can well be taken care of on the trial of the case.

Reversed and a new trial ordered.

Mr. Chief Justice Stabler and Messrs. Justices Bonham, Baker and Fishburne concur.

Mr. Justice Carter did not participate on account of illness.