16001

STATE v. WHITE.

(44 S. E. (2d) 741)

*Messrs. C. T. Graydon, Kenneth R. Kreps* and *J. Bratton Davis,* of Columbia, for Appellant,

*Mr. T. P. Taylor,* Solicitor, of Columbia, for Respondent,

October 30, 1947.

BAKER, CJ.: At the January, 1947, term of the Court of General Sessions for Richland County, the appellant was tried, convicted and sentenced upon an indictment charging that he did buy and receive sixteen cases of assorted whiskey knowing the same to have been stolen. From such conviction and sentence, this appeal is taken.

The issues raised by the appeal make it unnecessary for us to discuss in detail the facts of the case. The testimony is sufficing that the property here involved, was stolen, and bought and received by the appellant.

The exception upon which the appellant chiefly relies relates to the charge of the trial Judge as to what is sufficient in law to constitute "knowing" that the property is stolen at the time it is purchased or received, the indictment having been brought under Section 1161 of the Code of 1942, reading in part as follows:

"In all cases whatever, where any goods or chattels, or other property of which larceny may be committed, shall have been feloniously taken or stolen by any person or persons, every person who shall buy or receive any such goods or chattels or other property, knowing the same to have been stolen, shall be held and deemed guilty of, and may be prosecuted for, a misdemeanor, and upon conviction thereof shall be punished * * *."

Charging on this phase of the case the trial Judge instructed the jury:

"The next element in this offense which is charged in the indictment, is that the defendant must have known that the goods had been stolen at the moment the property was received by him, if he received it. Now, Gentlemen, what is meant by the word 'know'? The word 'know' does not mean

that the defendant must have been present at the time the property may have been stolen, and have seen the thief with his own eyes. The word 'know' does not mean that. Facts sufficient to put a reasonably prudent man on inquiry are not sufficient. However, actual and positive knowledge— actual knowledge, such as eyesight—that the goods have been stolen is not required. The law does not require that. In order to establish the offense of receiving stolen property, knowing the same to have been stolen, a belief on the part of the defendant that the goods have been stolen is sufficient. Therefore, you gentlemen inquire from the testimony and decide, as a matter of fact, this question: Did or did not the defendant, White, believe at the time, if you find that he received the goods, did he believe at that time that they had previously been stolen?

"There is another element necessary, and that is fraudulent intent—that the defendant, if he received the goods, if they had been stolen, did he act with a criminal intent; with a fraudulent intent. If you gentlemen find, from the testimony, that the goods had not been stolen, turn the defendant loose. If you find, from the testimony, that the defendant did not receive them, turn him loose. If you find that the defendant did not know or believe the goods to have been stolen, acquit him. If you find, from the testimony, that he did not act with a criminal or fraudulent intent, acquit him. On the contrary, if you gentlemen find, from the testimony in this case, that the whiskey had been stolen; if you further find that the defendant bought or received the whiskey or any part of it; if you further find that the defendant knew or believed the whiskey to have been stolen; and if you further find that he acted with a criminal or fraudulent intent, it is your duty to bring in a verdict of 'Guilty.' "

This charge is in accord with the well established law of this State. *State v. Rountree,* 80 S. C. 387, 61 S. E. 1072, 22 L. R. A., N. S., 833; *State v. Simon,* 126 S. C. 437, 120 S. E. 230; *State v. Atkins,* 205 S. C. 450, 32 S. E. (2d) 372.

It may be preferable to use the words "firm belief" as synonymous with "knowledge", but in this case we cannot conceive of the jury having been misled by the use of the word "believe" in connection with "knowing". If counsel for the appellant desired the word "believe" as used in the charge to be defined to the jury as restricting it to "knowledge" or synonymous thereto, then such request should have been made at the conclusion of the charge when the trial Judge inquired if anything further was desired to be charged.

It is indeed seldom that direct or positive proof can be procured that one buying or receiving stolen property knew that the property was stolen; hence in the trial of a person for such offense, the surrounding circumstances under which the stolen property is purchased or received is admissible in evidence and can be taken into consideration by the jury in determining if the accused knew or firmly believed that such property was stolen at the time he bought or received same.

In the instant case, the removal of numbers on the containers, and the attempt thereafter to burn the containers in which the whiskey was received strongly evidenced knowledge on the part of the appellant that the whiskey had been stolen, and especially is this so in the light of the other surrounding circumstances of the purchase and receipt of it, aside from the positive testimony.

Appellant complains that the trial Judge did not charge upon the law of circumstantial evidence. Such charge would have been appropriate, but the State did not depend entirely upon circumstantial evidence. There was direct testimony that the appellant was informed at the time he purchased and received this whiskey that it was "hot". In that the State did not rely solely upon circumstantial evidence, and no request having been made for a charge thereabout, failure to charge the law of circumstantial evidence is not reversible error. *State v. Bunyon*, 137 S. C. 391, 135 S. E. 361; *State v. Rickenbaker*, 187 S. C. 448, 198

S. E. 43; *State v. Duck,* 210 S. C. 94, 41 S. E. (2d) 628, and the cases therein cited on this issue.

There was no objection to the testimony of the witnesses, Rawlinson and Lancaster, as to sales of whiskey made by the appellant. The only issue which arose in connection therewith was when the trial Judge refused to compel these witnesses to divulge the name of the purchaser, and no prejudice has been shown by such adverse ruling. Therefore, the exception relating to such exercise of discretion is overruled.

Exception is taken to the admission in evidence of testimony that an additional twenty cases of stolen whiskey (to the sixteen cases alleged in the indictment) were bought and received by the appellant the night following the delivery of the sixteen cases of whiskey, and from the same party. Such testimony was relevant as tending to show fraudulent and criminal intent under the circumstances of the purchase and receipt of the sixteen cases of whiskey referred to in the indictment, both transactions having occurred late at night, and the seller not being a licensed wholesale dealer, *State v. Shumpert,* 195 S. C. 387, 11 S. E. (2d) 523, and *State v. Crawford,* 39 S. C. 343, 17 S. E. 799, are analogous.

The last argued exception of the appellant alleges error on the part of the trial Judge in failing to charge the jury as to the credibility of the witnesses, especially as to what weight should be given to the testimony of the two witnesses who had pleaded guilty to larceny of the stolen property here involved.

There was no request made of the trial Judge to charge the jury as to the credibility of any witness in the case or the weight to be given to the testimony of the witnesses who had pleaded guilty to larceny, although every opportunity was given appellant to make such request. The requirement of the Constitution, article 5, § 26, that the Judge "shall

declare the law" means that he shall explain so much of the criminal law as is applicable to the issues made by the evidence adduced on the trial. *State v. DuRant,* 87 S. C. 532, 70 S. E. 306. Of course, if the trial Judge had been requested to charge the jury that in weighing the testimony of the convicted felons testifying against the appellant, the fact of their conviction (plea of guilty) on the charge of larceny should be considered, and had refused to so charge, it would have been error.

The record discloses that the appellant received a fair and impartial trial, and that the jury arrived at the proper verdict. All exceptions are overruled, and judgment and sentence is:

Affirmed.

FISHBURNE, STUKES, TAYLOR and OXNER, JJ., concur.