18596

The STATE, Respondent, v. Harley W. LEIDERMAN, Appellant

(152 S. E. (2d) 354)

*Messrs. Ellis I. Kahn, John M. Bleecker, Jr.,* and *Paul N. Uricchio, Jr.,* of Charleston, *for Appellant,*

*Messrs. Arthur G. Howe, Solicitor,* and *A. Arthur Rosenblum, Assistant Solicitor,* of Charleston, *for Respondent,*

January 16, 1967.

Lewis, Acting Chief Justice.

The defendant Harley W. Leiderman has appealed from his conviction in the Court of General Sessions for Charleston County of the offense of assault with intent to ravish. The defendant seeks a new trial because of alleged error in the instructions to the jury and in the rulings of the lower court as to the admissibility of certain testimony. Since we have concluded that the judgment of the lower court must be reversed and a new trial ordered because of prejudicial error in the charge to the jury, we need consider only the exceptions relevant to that phase of the appeal.

The defendant Leiderman was tried, along with Dudley S. Mahon, T. G. Lee, and A. R. Mahon on an indictment charging them with rape, assault with intent to ravish, and assault of a high and aggravated nature. A *nol pros* was entered at the beginning of the trial as to the case against A. R. Mahon; T. G. Lee was acquitted by the jury; and Leiderman and Dudley S. Mahon were convicted of assault with intent to ravish, Leiderman receiving a sentence of ten years. Only Leiderman has appealed.

Since there must be a new trial, we will not review the testimony in detail. The incident out of which the prosecution arose occurred at or near the business establishment of Leiderman. There was testimony that the defendant Dudley Mahon had carnal knowledge of the prosecutrix forcibly and against her will in a cabin owned by Leiderman and located near his place of business, and that Leiderman aided and abetted in the commission of the crime.

Leiderman denied any participation in or knowledge of the crime. He testified that after he closed his place of business for the night he was asked by Dudley Mahon to let him stay in the nearby cabin until someone came for him. He stated that he walked to the cabin with Mahon and the prosecutrix to unlock the door but found it was open, so he returned to his automobile and went home. He denied ever touching the prosecutrix.

Leiderman's testimony was to the effect that the prosecutrix willingly accompanied Mahon into the cabin; that he thereafter left and, if a crime was subsequently committed by Mahon, it was done without Leiderman's participation or knowledge. Therefore, an important issue in the trial of the case against Leiderman was whether he was present, aiding and abetting in the commission of the crimes charged in the indictment.

After the jurors had begun their deliberations, they returned to the courtroom for further instructions in regard to the legal principles governing their determination of whether

Leiderman's acts constituted such participation in the crime as to make him criminally responsible. While the record contains a long colloquy between the foreman of the jury and the trial judge with reference to the request for further instructions, it would serve no useful purpose to detail it here. It is sufficient to point out that the trial judge completely failed to further instruct the jury in response to their request.

The inquiry of the jury related to a material issue in the case and clearly indicated confusion on their part as to the applicable legal principles. Under these circumstances it was the duty of the trial judge to give to the jury further instructions responsive to their request. Failure to do so was prejudicial error.

Reversed and remanded for a new trial.

BUSSEY and BRAILSFORD, JJ., and LIONEL K. LEGGE and G. BADGER BAKER, Acting JJ., concur.