19722

The STATE, Respondent, v. Harold TAYLOR, Appellant.

(200 S. E. (2d) 387)

*William B. Long, Jr., Esq.,* of Greenville, *for Appellant,* cites:

438

*Thomas W. Greene, Esq.,* of Greenville, *for Respondent,* cites:

*William B. Long, Jr., Esq.,* of Greenville, *for Appellant,* in reply.

November 7, 1973.

BUSSEY, Justice.

The appellant Taylor was charged with having murdered one Roy Grice on or about November 30, 1971, and was convicted of manslaughter and sentenced to a term of fifteen years at the October 1972 term of the Court of General Sessions for Greenville County. The said Grice received a mortal bullet wound at a Greenville nightclub known as "The Good Fellowship Club". A number of pistol shots were fired at the time and place, one other party in addition to Grice receiving a mortal wound and the appellant Taylor receiving a serious wound.

Since there must be a new trial, we will not review the testimony in detail. Numerous witnesses and Taylor himself testified. Taylor admitted having a pistol and striking Grice therewith, but contended that the same flew out of his hand; that he never fired the same, and did not inflict upon Grice his mortal wound. There was evidence from other witnesses to the effect that Taylor did fire his pistol and inflict upon Grice the mortal wound. Still other evidence was to the effect that the first shot fired was one by Grice which wounded Taylor.

Taylor having denied the killing, he of course did not seek, by his testimony, to justify the killing on the theory of self-defense, and no charge as to the law of self-defense was made or requested. After the jury deliberated for a time, it requested further instructions of the judge in the following language:

"Sir, when we were talking, if the deceased fired the gun first and Mr. Taylor fired back and killed the man would this be self-defense and require a not guilty verdict?"

The court declined to answer the question as phrased and a juror then rephrased it as follows:

"In our state is there such a defense and (as) self-defense?"

The court excused the jury to afford opportunity to consider what further charge, if any, should be given. Counsel for Taylor then took the position that the evidence raised an issue of self-defense and that the court should comply with the request of the jury and charge the law of self-defense, although counsel had not initially requested such. After some colloquy with counsel, the court concluded that the evidence raised no such issue, recalled the jury, and, in effect, instructed it that there was "in South Carolina such a thing as the law of self-defense" but that he would not instruct the jury thereabout because the issue had not been raised by the testimony or evidence.

Under all of the circumstances reflected by the record and the applicable law, we are of the view that His Honor was in error. It would not be appropriate for us to presently state in detail the evidence, it being sufficient to say that in our opinion there is ample evidence in the record from which the jury could have reasonably inferred that, contrary to Taylor's denial of the actual killing, he did in fact inflict the mortal wound upon Grice but that such was inflicted in self-defense.

The inquiry of the jury related to a material issue in the case, raised by the evidence in the case, as to which there had been no charge by the judge or request to charge by counsel. Under the circumstances, we are convinced that it was the duty of the trial judge to give the jury instructions responsive to their request and the failure to do so was prejudicial error. *Cf. State v. Liederman,* 249 S. C. 61, 152 S. E. (2d) 354; *State v. Henderson,* 226 S. C. 227, 84 S. E. (2d) 626.

Where the accused admits the killing but seeks to justify such on the theory of self-defense, it is of course incumbent upon the accused to prove the

essential elements of self-defense by a preponderance of the evidence, he still being entitled to any reasonable doubt as to whether such defense has been proved. Where, however, the accused denies the killing, the following principles determine whether or not he is entitled to a charge on the law of self-defense. If there is evidence that, contrary to the denial of the accused, he did inflict the mortal wound and no evidence whatever from which it could be inferred that he did so in self-defense, he, of course, is not entitled to a charge on the law of self-defense. If, however, there is any evidence in the record from which it can be reasonably inferred that the accused inflicted the mortal wound but justifiably did so in self-defense, then the accused is entitled to a charge on the law of self-defense, despite his denial of having inflicted the mortal wound. These principles seem to be clearly established by the weight of authority in this jurisdiction as well as elsewhere. *State v. Orr,* 131 S. C. 276, 126 S. E. 766; *State v. Williams,* 131 S. C. 294, 127 S. E. 264; *State v. Pittman,* 137 S. C. 75, 134 S. E. 514; 41 C. J. S. Homicide § 375, p. 163; 40 Am. Jur. (2d) 776, Homicide, Sec. 521; West's Decennial Digest, Homicide, Key No. 300(8).

Numerous other questions are argued but for the most part they will not likely reoccur upon a retrial of the case and, hence, we do not need to discuss or decide the same. One other question should probably be mentioned at least to a limited extent. Sequestration of all witnesses in the case was granted upon motion of both the State and the defendant. During the course of the trial and while the defendant was in the process of presenting his witnesses, the court ruled, upon motion by the State, that the defendant could not personally confer with his witnesses.

Counsel concedes that the court might appropriately require the presence of either the defendant's counsel or an appropriate officer of the court during any conference by the defendant with any sequestered witness, but urges that it was error on the part of the judge to refuse the

defendant access to his witnesses prior to presenting them, as such prevented him from assisting his counsel with the preparation and presentation of his defense. The colloquy between the court and counsel at the time of this ruling leaves, to say the least, doubt as to whether the ruling was appropriately objected to, and we, accordingly, refrain from deciding whether the ruling constituted prejudicial error which would require reversal. We do, however, make the following observations which may be of some help and guidance to the court should the issue reoccur upon the retrial of the case.

We have previously held that it is permissible for the solicitor to interview witnesses while they are under sequestration order. *State v. Moore*, 257 S. C. 147, 184 S. E. (2d) 546. Certainly, the same would hold true for defense counsel, which the trial judge here seemed to recognize.

"The party calling witnesses, or his counsel, is not, in general, deprived of the right to consult with them in a proper manner by the fact that they have been placed under the rule * * *." 23 C. J. S. Criminal Law § 1010, p. 1077.

By virtue of their constitutional rights, persons accused of crimes are entitled to be present at every stage of the trial and are, therefore, exempt from the rule of exclusion of witnesses. They are entitled to representation by counsel, and to a full opportunity to assist and cooperate with their counsel in presenting their defense or defenses. The right of a criminal defendant to present witnesses in his behalf is a basic, constitutional safeguard and it follows that any rule which abridges this right must be examined with close scrutiny. It would seem elementary that a defendant is constitutionally entitled to confer with his proposed witnesses before presenting them as he of necessity needs to know what, if any, testimony they can truthfully offer in his behalf or in rebuttal to the evidence offered by the State. This is not to say, however, that the

court in affording the accused an opportunity for such conference with his witnesses may not take reasonable precaution to see that the purpose of the rule of sequestration is not defeated, and normally requiring the presence of defense counsel, who is himself an officer of the court, should be adequate precaution to preserve the purpose of the rule.

For the reasons hereinabove set forth, the judgment below is reversed and the cause remanded for a new trial.

Reversed and remanded.

Moss, C. J., and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.