22023

The STATE, Respondent, v. James B. ADKINSON, Appellant.

(311 S. E. (2d) 79)

*Elmer W. Hatcher, Jr.,* of *Fox, Zier, Burkhalter & Hatcher,* Aiken, and *S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *State Atty. Agnes Dale Moore,* Columbia, and *Sol. Robert J. Harte,* Aiken, *for respondent.*

Jan. 4, 1984.

NESS, Justice:

Appellant, James B. Adkinson, was convicted of assault and battery with intent to kill and was sentenced to nineteen years imprisonment. He contends the trial judge erroneously failed to charge the law of self defense. We agree and reverse.

At trial, appellant testified that in order to defend himself, he struggled with the prosecuting witness, who had confronted him with a pistol. He further claims the prosecuting witness was wounded while the two men struggled for control of the pistol.

If evidence of self defense is clearly and definitely introduced at trial, "it [becomes] the duty of the trial judge to charge the law *applicable* to this defense, whether requested or not." *State v. Brice,* 190 S. C. 208, 210, 2 S. E. (2d) 391, 392 (1939). "If . . . there is any evidence in the record from which it can be reasonably inferred that the accused inflicted the . . . wound but justifiably did so in self defense, then the accused is entitled to a charge on the law of self-defense . . ." *State v. Taylor,* 261 S. C. 437, 441, 200 S. E. (2d) 387, 388 (1973).

Appellant's testimony raised a reasonable inference that the prosecuting witness was shot in self-defense. Accordingly, we reverse his conviction and remand for a new trial.

Reversed and Remanded.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.