22312

The STATE, Respondent, v. Willis STONE, Appellant.

(330 S. E. (2d) 286)

Supreme Court

Asst. Appellate Defender Daniel T. Stacey, of S. C. Office of Appellate Defense, Columbia, for appellant.

Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr., and Carolyn M. Adams, Columbia; and Sol. Dudley Saleeby, Jr., Florence, for respondent.

Submitted April 2, 1985.

Decided May 6, 1985.

*Per Curiam:*

Appellant was convicted of assault and battery of a high and aggravated nature and assaulting a law enforcement officer while resisting arrest. He was sentenced to consecutive sentences of eight (8) years and six (6) years, respectively. We affirm.

Although the appellant did not request a charge on self-defense, he claims that the judge erred in not charging self-defense. He bases his argument on the case of *State v. Brice*, 190 S. C. 208, 2 S. E. (2d) 391 (1939).

Article V, § 17, of the South Carolina Constitution, requires a judge to declare the law. This provision requires a judge to "explain so much of the criminal law as is applicable to the issues made by the evidence adduced at trial." *State v. White*, 211 S. C. 276, 44 S. E. (2d) 741 (1947).

Like any other right, a criminal defendant may waive the constitutional right to have the law declared. *State v. Jamison*, 221 S. C. 312, 70 S. E. (2d) 342 (1952); *State v. Duck*, 210 S. C. 94, 41 S. E. (2d) 628 (1947). In noncapital cases, a defendant's failure to object to the charge as made or to request an additional charge, when an opportunity has been afforded to do so, results in a waiver of his right to complain about the charge on appeal. *Singletary v. State*, 281 S. C. 444, 316 S. E. (2d) 369 (1984); *State v. Smith*, 279 S. C. 440, 308 S. E. (2d) 794 (1983); *State v. Humphrey*, 276 S. C. 42, 274 S. E. (2d) 918 (1981).

In our opinion, the appellant has waived any right to challenge the omission of the charge by failing to request it. To the extent that *State v. Brice, supra,* and *State v. Adkinson,* 280 S. C. 85, 89, 311 S. E. (2d) 79 (1984), may be inconsistent with this result, they are overruled.

Affirmed.