**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Elijah S. Baylock, Jr., Appellant.

Appellate Case No. 2011-191487

Appeal From Berkeley County
R. Markley Dennis, Jr., Circuit Court Judge

Unpublished Opinion No. 2012-UP-482
Submitted July 2, 2012 – Filed August 8, 2012

**AFFIRMED**

Appellate Defender Elizabeth A. Franklin-Best, of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Mark R. Farthing, all of Columbia; and Solicitor Scarlett A. Wilson, of Charleston, for Respondent.

**PER CURIAM:**  Elijah Solomon Baylock, Jr. appeals his convictions of first-degree criminal sexual conduct with a minor and lewd act on a minor.  He argues the trial judge erred when he charged the jury that, pursuant to section 16-3-657 of the South Carolina Code (2003), the victim's testimony did not need to be corroborated.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge."); *In re Care & Treatment of Corley*, 365 S.C. 252, 258, 616 S.E.2d 441, 444 (Ct. App. 2005) ("Constitutional issues, like most others, must be raised to and ruled upon by the trial [judge] to be preserved for appeal."); *State v. Stone*, 285 S.C. 386, 387, 330 S.E.2d 286, 287 (1985) (finding that in order to preserve an objection to a jury charge, a defendant must object to the charge as given or request an additional charge when afforded the opportunity to do so).

**AFFIRMED.**

**PIEPER, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.