**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Robert Earle Berry, Appellant.

Appellate Case No. 2010-178487

―――――――――――

Appeal From Lexington County
George C. James, Jr., Circuit Court Judge

―――――――――――

Unpublished Opinion No. 2012-UP-534
Submitted September 4, 2012 – Filed September 26, 2012

―――――――――――

**AFFIRMED**

―――――――――――

James R. Snell, Jr., of Lexington, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliot, Assistant Attorney General Mark R. Farthing, all of Columbia and Solicitor Donald V. Myers, of Lexington, for Respondent.

―――――――――――

**PER CURIAM:** Robert Earle Berry appeals his conviction of falsely certifying that payment was made with subcontractors in violation of section 29-7-20(b) of the South Carolina Code (2007), arguing the trial court erred in: (1) denying his motion for a directed verdict; (2) erroneously including certain language on the verdict form and in the jury instruction; and (3) denying his motion to dismiss. We affirm[1] pursuant to Rule 220, SCACR, and the following authorities:

1.      As to whether the trial court erred in denying Berry's motion for a directed verdict: *State v. McHoney*, 344 S.C. 85, 97, 544 S.E.2d 30, 36 (2001) ("In reviewing a motion for directed verdict, the trial [court] is concerned with the existence of the evidence, not with its weight."); *id.* ("On appeal from the denial of a directed verdict, an appellate court must view the evidence in the light most favorable to the State."); *id.* ("If there is any direct evidence or substantial circumstantial evidence reasonably tending to prove the guilt of the accused, we must find the case was properly submitted to the jury.").

2.      As to whether the trial court erred in including certain language on the verdict form and in the jury instruction: *State v. Stone*, 285 S.C. 386, 387, 330 S.E.2d 286, 287 (1985) ("[A] defendant's failure to object to the charge as made or to request an additional charge, when an opportunity has been afforded to do so, results in a waiver of his right to complain about the charge on appeal.").

3.      As to whether the trial court erred in denying Berry's motion to dismiss: *Barker v. Wingo*, 407 U.S. 514, 530 (1972) (holding four factors must be considered when evaluating the circumstances of a delay in the prosecution of a criminal defendant's case: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) the prejudice to the defendant); *State v. Brazell*, 325 S.C. 65, 75, 480 S.E.2d 64, 70 (1997) (holding a substantial delay itself is not dispositive and the other factors must still be examined).


**AFFIRMED.**

**HUFF, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.