**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jason Thomas Husted, Appellant.

Appellate Case No. 2010-180066

Appeal From Charleston County
Kristi Lea Harrington, Circuit Court Judge

Unpublished Opinion No. 2013-UP-294
Heard March 5, 2013 – Filed June 26, 2013

**AFFIRMED**

J. Joseph Condon, Jr., of N. Charleston, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Julie Kate Keeney, all of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

**PER CURIAM:** Jason Thomas Husted appeals his conviction for resisting arrest. He argues the trial court erred in refusing to include various instructions in the jury charge and should have directed a verdict of acquittal. We affirm.

1. Husted first argues he should have been granted a directed verdict because the State failed to prove there was probable cause for the arrest that formed the basis of the charge against him. He contends the evidence at best, showed only that the officers were conducting an investigative stop. The evidence, however, when considered in the light most favorable to the State, was sufficient to support the findings that (1) the officers had probable cause to arrest Husted, (2) they were in the process of arresting Husted on the underlying offense, and (3) Husted's acts of resistance were directed toward both the officers' efforts to detain him as well as their attempt to arrest him.

In his brief, Husted correctly points out that when the officers first approached him, they were only investigating the incident that prompted the call to the Charleston Police Department. However, we disagree with Husted's statement that his "pre-restraint conduct" was "merely walking pas[t] the officers and not responding to their commands." The State presented testimony that when the officers arrived at the scene, they were informed that bystanders had seen "two white males that were possibly involved in the altercation run into the woods" and "[b]oth of them had blood on them." The officers went to the wooded area, where they met Husted and the other man and noticed both men were highly intoxicated and covered in blood. These observations, along with the information the officers received upon their arrival, justified the officers' decision to detain Husted and their exercise of reasonable force in doing so. *See Graham v. Connor*, 490 U.S. 386, 396 (1989) ("Our Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it."); *State v. Burton*, 349 S.C. 430, 438, 562 S.E.2d 668, 671 (Ct. App. 2002) (indicating that even without probable cause, a police officer may elevate an encounter with a citizen into an investigatory stop or detention if the officer has a reasonable suspicion of criminal activity supported by articulable facts), *rev'd on other grounds*, 356 S.C. 259, 589 S.E.2d 6 (2003). One of the officers testified that when Husted attempted to run away, she grabbed one of his arms in an attempt to restrict his movement, at which time Husted became combative; therefore, evidence was presented that the officers witnessed Husted behaving in a disorderly manner, as apparent from his public intoxication and belligerent refusal to cooperate with their investigation. *See* S.C. Code Ann. § 16-17-530 (2003)

(stating that any person found "at any public place . . . in a grossly intoxicated condition or otherwise conducting himself in a disorderly or boisterous manner" "shall be deemed guilty of a misdemeanor").[1]  Unlike the defendant in *State v. Brannon*, 388 S.C. 498, 697 S.E.2d 593 (2010), which Husted cites in support of his position, Husted was not merely attempting to evade an attempt by the police to detain him for questioning.  Rather, his intoxication and his unruly behavior toward the officers when they tried to prevent him from leaving the scene justified the officers' subsequent attempt to handcuff him and place him under arrest.  After Husted was partially handcuffed, he swung his cuffed arm in an aggressive manner, exposing the attending officer to injury from the unattached cuff.  This subsequent attempt to injure the officer was evidence that Husted willfully resisted the arrest.

2. Husted next argues the trial court erred in failing to include in its jury instructions a definition of a lawful arrest and a charge that a lawful arrest is a necessary element of resisting arrest.  We find no error.

We note first section 16-9-320 of the South Carolina Code (2003), the statute under which Husted was charged, no longer expressly requires a showing that the defendant resisted a "lawful arrest."[2]  *See Brannon*, 388 S.C. at 504, 697 S.E.2d at

---

[1] Husted did not argue at trial or on appeal that the events leading to his arrest did not occur in a public place.

[2] In 1980, when section 16-9-320 was added to Chapter 9 of Title 16 of the South Carolina Code, it read in pertinent part as follows:

> Section 16-9-320.  Any person who knowingly and wilfully[sic]:
>
> (a) Opposes or resists any law enforcement officer in serving, executing or attempting to serve or execute any legal writ or process or who resists any lawful arrest, whether under process or not, shall be deemed guilty of a misdemeanor . . . .
>
> (b) Assaults, beats or wounds any law enforcement officer engaged in serving, executing or attempting to

597 (declining to determine whether police officers intended to arrest the defendant based on objective inquiry as to whether they had probable cause and stating that "[u]nder the plain language of section 16-9-320(A), we are only focused on determining whether an arrest was being made at the time of Brannon's flight").

To the extent, however, that such a showing was necessary here,[3] we hold the jury charge imparted this information to the jury by including instructions that (1) the State had to prove beyond a reasonable doubt that Husted "knowingly and willfully resisted a lawful arrest," (2) "[a] citizen is not required to submit to an illegal arrest," and (3) "a person who flees a police officer's demand to stop is not committing resisting arrest." *See State v. Stone*, 285 S.C. 386, 387, 330 S.E.2d 286, 287 (1985) (stating the South Carolina Constitution requires a trial judge to "'explain so much of the criminal law as is applicable to the issues made by the evidence adduced at trial'") (quoting *State v. White*, 211 S.C. 276, 281-82, 44 S.E.2d 741, 743 (1947) (*abrogation recognized by State v. Salisbury*, 343 S.C. 520, 523, 541 S.E.2d 247, 248 (2001)); *State v. Gibson*, 390 S.C. 347, 356, 701 S.E.2d 766, 770-71 (Ct. App. 2010) ("In order to amount to reversible error, the failure to

---

> serve or execute any legal writ or process or who
> assaults, beats or wounds such officer where such person
> is resisting any lawful arrest, whether under process or
> not, shall be guilty of a misdemeanor . . . .

1980 S.C. Acts 511.

In 1990, this statute was amended to change the phrase "lawful arrest" in both paragraphs to "arrest." The amended version included in both paragraphs a requirement that the arrest be "made by one whom the person knows or reasonably should know is a law enforcement officer." 1990 S.C. Acts 598. In contrast, the current version of section 16-3-625 of the South Carolina Code (2003), which was also enacted in 1980 and concerns resisting arrest with a deadly weapon, has retained the requirement that one charged with this offense must "resist[ ] the lawful efforts of a law enforcement officer to arrest him or another person . . . ."

[3] Although Husted correctly notes the indictment mentioned a lawful arrest, a variance between the charge and the proof "is not material if it is not an element of the offense." *State v. Evans*, 322 S.C. 78, 81, 470 S.E.2d 97, 99 (1996).

give a requested charge must be both erroneous and prejudicial."), *cert. dismissed as improvidently granted*, 401 S.C. 569, 737 S.E.2d 853 (2013).

3. Finally, Husted complains the trial court erred in declining to include five other instructions that he requested to be included in the jury charge. We find no reversible error.

We first question whether Husted has adequately preserved the omission of these requests to charge for our review. The argument he presents in his brief is of a summary nature and includes no supporting authority. *See State v. Jones*, 344 S.C. 48, 58-59, 543 S.E.2d 541, 546 (2001) (declining to address an issue on appeal because the supporting argument was "so conclusory that it has been abandoned"). We also note the absence of any indication in the record that Husted, though he objected to the omission in the charge regarding the absence of the instruction he requested on lawful arrest, never argued after the charge was read to the jury that the other instructions were erroneously omitted. *See* Rule 20(b), SCRCrimP (allowing the parties in a criminal trial to "object to the giving or omission of an instruction" "[n]otwithstanding any request for legal instructions" and providing that "[f]ailure to object in accordance with this rule shall constitute a waiver of objection").

In any event, we hold the jury charge was adequate. Four of the instructions at issue here concerned the necessity of proving a defendant used fighting words as opposed to mere profanity toward a police officer to convict that defendant of disorderly conduct. The substance of these requested charges was included in the trial court's instructions that "[t]he State may not punish a person for voicing an objection to a police officer where no fighting words are used" and that "[f]ighting words are words which by their very utterance inflict injury or tend to incite an immediate breach of the peace." The fifth requested instruction, that a person who flees a police officer's "simple demand to stop" is not resisting arrest, was ostensibly taken from this court's opinion in *State v. Brannon*, 379 S.C. 487, 508, 666 S.E.2d 272, 283 (Ct. App. 2008). The Supreme Court of South Carolina, however, has issued its own opinion in *Brannon* indicating that even in the absence of any physical contact between a police officer and a suspect, an arrest could be found to be in progress upon a showing of "intent on the part of the officer to arrest the suspect, and intent on the part of the suspect to submit to the arrest, under the belief that submission was necessary." *Brannon*, 388 S.C. at 504, 697 S.E.2d at

597.  Husted's remaining request to charge was not a correct statement of the law when this matter came to trial,[4] and the trial court committed no abuse of discretion in refusing to include it.  *See Cole v. Raut*, 378 S.C. 398, 404, 663 S.E.2d 30, 33 (2008) ("An appellate court will not reverse the trial court's decision regarding jury instructions unless the trial court committed an abuse of discretion.").

**AFFIRMED.**

**SHORT, THOMAS, and PIEPER, JJ., concur.**

---

[4] The Supreme Court issued its opinion in *Brannon* on August 9, 2010, and Husted's trial took place on December 8, 2010.