**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Eric Ancrum, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2017-002544

———————————

Appeal From Charleston County
Deadra L. Jefferson, Circuit Court Judge

———————————

Unpublished Opinion No. 2020-UP-283
Submitted September 1, 2020 – Filed October 7, 2020

———————————

**AFFIRMED**

———————————

Tristan Michael Shaffer, of Tristan M. Shaffer Attorney
at Law, of Chapin, for Petitioner.

Senior Assistant Deputy Attorney General Megan
Harrigan Jameson, of Columbia, for Respondent.

———————————

**PER CURIAM:** Petitioner seeks a writ of certiorari from the denial of his application for post-conviction relief (PCR).

Because there is sufficient evidence to support the PCR judge's finding that Petitioner did not knowingly and intelligently waive his right to a direct appeal, we

grant certiorari on Petitioner's petition and proceed with a review of the direct appeal issue pursuant to *Davis v. State*, 288 S.C. 290, 342 S.E.2d 60 (1986).

On direct appeal, Petitioner argues the trial court erred in instructing the jury that actual knowledge of the presence of drugs was strong evidence of Petitioner's intent to control their disposition or use.  Because Petitioner failed to object to the jury charge as given at his trial or request an additional charge, we affirm pursuant to Rule 220(b), SCACR and the following authorities:  *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [trial court] to be preserved for appellate review."); *State v. Williams*, 266 S.C. 325, 335, 223 S.E.2d, 38, 43 (1976) ("The rule in this state is firmly established that failure to object to a charge, or failure to request an additional charge when the opportunity is afforded, constitutes a waiver of any right to complain on appeal of an alleged error in the charge."); *State v. Stone*, 285 S.C. 286, 387, 330 S.E.2d, 286 287 (1985) (explaining a party must object to a jury charge as given or request an additional charge when provided the opportunity to do so to preserve the issue for appellate review).

**AFFIRMED.**[1]

**HUFF, WILLIAMS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.