20057

The STATE, Respondent, v. Jimmy LANGSTON, Appellant.
(216 S. E. (2d) 875)

*John I. Mauldin, Esq.,* of Greenville, *for Appellant*

*Messrs. Daniel R. McLeod, Atty. Gen., Joseph R. Barker, Asst. Atty. Gen.,* of Columbia, and *C. Victor Pyle, County Sol.,* of Greenville, *for Respondent*

July 10, 1975.

LEWIS, Justice:

Appellant, Jimmy Langston, was tried under a two-count indictment charging (1) larceny and (2) receiving stolen goods. The trial judge refused a motion for a directed verdict of not guilty as to the offense of larceny and submitted both counts of the indictment to the jury under instructions which fail to give the rules governing the consideration of circumstantial evidence. The jury returned a verdict of "guilty of receiving stolen goods," without direct reference to the larceny charge. Appellant now seeks a new trial under exceptions which charge error on the part of the trial judge (1) in refusing the motion for a directed verdict of not guilty of the offense of larceny and (2) in failing to charge the law governing circumstantial evidence, even though, admittedly, no request was made for such instruction. We find no merit in either exception.

Assuming that a directed verdict should have been granted as to the charge of larceny, its refusal resulted in no prejudice to appellant, since the verdict of "guilty of receiving stolen goods," without mention of the count charging larceny, was, under these circumstances, the equivalent of an acquittal of the charge of larceny. In addition, the submission of the charge of larceny resulted in the admission of no additional evidence, since, in the proof of the offense of receiving stolen goods, testimony was admissible to show that the property received had been stolen and that appellant received it knowing the same to have been stolen.

The objection to the failure of the trial judge to charge the law governing consideration of circumstantial evidence was waived by the failure of appellant to request such instructions when full opportunity to do so was afforded at the conclusion of the charge. Section 10-1210, 1962 Code of Laws; *State v. Hall*, 253 S. C. 294, 170 S. E. (2d) 379.

Appellant contends, however, that the State relied entirely upon circumstantial evidence to prove the charge and, irrespective of a request, the trial judge was required to instruct the jury as to the rules governing that class of evidence. Appellant relies upon the well settled rule that, "when the State depends entirely upon circumstantial evidence for conviction, the trial Judge must instruct the jury as to the law governing testimony of that class," whether requested to do so or not. *State v. Moorer*, 241 S. C. 487, 129 S. E. (2d) 330. The *Moorer* case, however, applied the equally settled principle that, where the State *does not* rely wholly upon circumstantial evidence, the objection that the trial judge failed to charge the law governing that type of evidence is waived by the failure to request such instruction, when opportunity is afforded to do so.

In the present case, the State did not rely solely upon circumstantial evidence. The charges grew out of the theft of considerable camera equipment from an automobile in Greenville, South Carolina. Appellant had one of the missing cameras in his possession within thirty (30) days of the theft. The evidence established by direct testimony that the camera was stolen property and that the appellant had it in his possession, offering it for sale. The testimony left serious question as to the origin of his possession.

Since the State did not rely solely upon circumstantial evidence, the objection that the trial judge failed to instruct the jury concerning the consideration of testimony of that class was waived by appellant's failure to timely request such instruction. *State v. Rickenbaker*, 187 S. C. 448, 198 S. E. 43.

Judgment affirmed.

Moss, C. J., and BUSSEY, LITTLEJOHN and NESS, JJ., concur.