20562

The STATE, Respondent, v. Edward Lewis SIMMONS, Appellant.

(239 S. E. (2d) 656)

*Harper & Ferrene,* of Beaufort, *for Appellant,*

*Daniel R. McLeod, Atty. Gen., Brian P. Gibbes, Asst. Atty. Gen., Kay G. Crowe, Staff Atty.,* of Columbia, and *Randolph Murdaugh, Jr., Sol.,* of Hampton, *for Respondent,*

December 8, 1977.

*Per Curiam:*

A jury found appellant guilty of rape, burglary and assault and battery with intent to kill. He was sentenced to consecutive terms of forty (40) years, life and ten (10) years, respectively. At issue is the refusal, upon request, of the trial judge to give the following requested instruction to the jury:

"The proof offered by the prosecution must exclude every reasonable hypothesis except that of guilt and must satisfy you beyond a reasonable doubt in order for there to be a conviction."

A recitation of the facts of the case is not necessary to a determination of the issue. It suffices to say that the State's case was based primarily on the direct testimony of the victim, which established the crimes and the identity of the perpetrators. Direct corroboration was provided by appellant's co-defendant, who testified for the State. There was ample corroborating circumstantial evidence.

We find no error in the trial judge's refusal to give the requested jury charge. There are two reasons for this finding.

First, the basic thrust of the proposed charge is to the law concerning circumstantial evidence. The trial judge had already covered reasonable doubt in his charge, and the rest of the proposed charge is not complete. It does not define direct and circumstantial evidence, nor does it state that only to the extent that the State relies on circumstantial evidence, must the proof exclude every other reasonable hypothesis but guilt. *See* generally the cases collected in 7A West's South Carolina Digest, *Criminal Law,* Key 552, 784.

The trial judge has no duty to grant a request to charge which does not correctly state the law or which may confuse or mislead the jury. *State v. Hewitt,* 205 S. C. 207, 31 S. E. (2d) 257 (1944).

The second reason concerns the issue presented here of whether, upon a timely request, the trial judge must give an instruction on circumstantial evidence in a case in which the crime(s) and the identity of the perpetrator(s) were established by direct evidence, and the circumstances introduced were merely corroborative. On these facts we hold that the decision of whether to instruct on circumstantial evidence is properly left to the trial judge *State v. Fuller,* 227 S. C. 138, 87 S. E. (2d) 287 (1955), *rev'd on other grounds; State v. Gatlin,* 208 S. C. 414, 38 S. E. (2d) 238 (1946); 23A C. J. S. *Criminal Law* § 1250 (1961).

After a full consideration of appellant's remaining exception, we are of the opinion that no error of law appears and that the issue is governed by well settled principles of law. Accordingly, it is dismissed pursuant to Rule 23 of the Rules of Practice of this Court.

Affirmed.