20638

The STATE, Respondent, v. Wade JENKINS, Appellant.

(242 S. E. (2d) 420)

*William T. Toal,* of *Johnson, Toal & Battiste,* Columbia, for *Appellant.*

*Daniel R. McLeod, Atty. Gen., Brian P. Gibbes, Asst. Atty. Gen.,* and *Kay G. Crowe, Staff Atty.,* of Columbia, for *Respondent.*

March 14, 1978.

*Per Curiam:*

Appellant was convicted of purse snatching and was sentenced to eighteen (18) months imprisonment.

Appellant, on appeal, objects to the trial judge's denial of his requested instructions on circumstantial evidence. Direct testimony was given which provided evidence that appellant drove the thief to and from the scene of the crime and that he had previously agreed to a plan of purse snatching. Some circumstantial evidence was offered which could be interpreted to show appellant's prior guilty knowledge of the crime.

The recent case, *State v. Simmons,* S. C., 239 S. E. (2d) 656 (1977), made clear that when a proper request for instructions on circumstantial evidence is made, the decision of whether to instruct is properly left to the trial judge in a case in which the crime(s) and the identity of the perpetrator(s) were established by direct evidence and the circumstances introduced were merely corroborative. Appellant has asked that *Simmons* be overruled or modified, but having reviewed that case, we see no error in its decision.

Here, in the instant case, the circumstantial evidence was merely corroborative of the direct evidence of appellant's involvement in the crime. Thus, the trial judge acted within his discretion in denying appellant's requested instructions.

Appellant's only other exception was not argued in his brief and, thus, has been abandoned. See *State v. Givens,* 267 S. C. 47, 225 S. E. (2d) 867 (1976). Since we find no errors, the order of the lower court is affirmed.