21630

The STATE, Respondent, v. Lamar CARROLL, Appellant.
(286 S. E. (2d) 382)

*Asst. Appellate Defender Tara D. Shurling, of S. C. Commission of Appellate Defense*, Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Lindy P. Funkhouser* and *Harold M. Coombs, Jr.*, Columbia, and *Asst. Sol. F. Truett Nettles, II*, Charleston, *for respondent.*

January 19, 1982.

*Per Curiam:*

A jury found appellant guilty of breach of trust with a fraudulent intention. He was sentenced to six (6) months' imprisonment, to be reduced to three (3) months upon return of the victim's property. Appellant asserts that the trial judge should have granted the request for a jury instruction on circumstantial evidence because the State relied solely on circumstantial evidence to prove the intent element of the charged offense. We disagree and affirm the judgment.

In this case the State relied on direct evidence to prove the identity of appellant and the acts of the charged offense. The State presented evidence of circumstances and facts from which the jury could infer intent. The trial judge properly instructed the jury on the burden of proof in a criminal case and on the intent element of the crime. The judge refused appellant's request for an instruction on circumstantial evidence.

When a request is made for a circumstantial evidence instruction, the trial judge may exercise discretion and deny the request when the crime and the identity of the perpetrator are established by direct evidence and the circumstances introduced are merely corroborative. *State v. Jenkins,* 270 S. C. 365, 242 S. E. (2d) 420 (1978); *State v. Simmons,* 269 S. C. 649, 239 S. E. (2d) 656 (1977). It has been held that an instruction on circumstantial evidence is not necessary when the evidence is introduced only to show intent. *Belcher v. State,* 504 S. W. (2d) 858 (Tex. Crim. App. 1974); 23A C. J. S. *Criminal Law* § 1250 (1961). Intent is seldom susceptible to proof by direct evidence and must ordinarily be proved by circumstantial evidence, that is, by facts and circumstances from which intent may be inferred. *State v. Tuckness,* 257 S. C. 295, 185 S. E. (2d) 607 (1971). When all the salient facts of the prosecution's case, including the facts from which intent is inferred, are proved by direct evidence, the prosecution is not relying on circumstantial evidence to an extent requiring a special jury instruction.

We hold that a trial judge may refuse to give an instruction on circumstantial evidence when the State relies on direct evidence to prove the acts of the crime and the identity of the perpetrator and on circumstantial evidence to prove intent. The trial judge acted within his discretion in refusing to give the requested instruction.

Judgment affirmed.