21733

The STATE and The Department of Highways and Public
Transportation, Appellants, v. Arnold S. GOODSTEIN, Respondent

(292 S. E. (2d) 791)

*Atty. Gen. Daniel R. McLeod,* and *Asst. Attys. Gen. Lindy P.
Funkhouser* and *Harold M. Coombs, Jr.,* Columbia, *for
appellants.*

*G. Dan Bowling,* Charleston, *for respondent.*

June 15, 1982.

LEWIS, Chief Justice:

Respondent, Arnold S. Goodstein, was convicted in Magistrate's Court for driving a motor vehicle while under the influence of intoxicants, first offense. On appeal to the circuit court, his conviction and the suspension of his license for refusal to take a breathalyzer test were reversed upon the ground that his arrest was illegal. The State now appeals from the order reversing respondent's conviction.

The sole question to be decided is whether the evidence sustains the magistrate's finding of probable cause for respondent's arrest. The contention of respondent, sustained by the circuit court, was that his arrest was illegal, therefore the testimony concerning the operation of his automobile while under the influence of intoxicants was inadmissible and should have been excluded. If the arrest was lawful, the testimony as to respondent's operation of his vehicle was properly admitted and amply sustains the conclusion of the magistrate that the respondent was guilty of operating his automobile while under the influence of intoxicants.

Respondent was stopped and arrested without a warrant by Officer Polk of the Charleston County Police Department, about 3:30 a.m., on October 3, 1980, for operating his automobile while under the influence of intoxicants. Respondent made a pretrial motion before the trial magistrate to suppress all evidence of the arresting Officer concerning respondent's operation of his vehicle, upon the ground that his arrest was illegal. His contention was that his arrest was based upon a false radio report to the officer and therefore probable grounds did not exist for his arrest.

The only testimony before the magistrate, on the motion to suppress, was that presented by the respondent, which attempted to sustain his contention that the arrest was based solely on the alleged false police radio report. At the conclusion of the pretrial hearing, the magistrate ruled: "I feel that it was a legal arrest and we should proceed with the trial." Subsequently, in his return to the appeal to the circuit court, the magistrate stated:

The court feels that probable cause existed by the receipt of the radio contact from one police agency to another that a vehicle was driving 'very erratically on the bridge' .... The arrest was made in full accordance with all legal procedures as is customary for all traffic violations.

After the denial of the pretrial motion to suppress the arresting officer's testimony, respondent went to trial before the magistrate, without a jury, and was found guilty of the charge. During the trial the arresting officer testified, without objection, to the incidents surrounding the apprehension and arrest of respondent. The officer testified that, while he was patrolling Coleman Boulevard in Charleston County, South Carolina, on October 3, 1980, respondent, driving a silver Mercedes automobile, passed him in the right hand lane of the road. Respondent was driving between 50 and 55 miles per hour in a 35 mile per hour speed zone. The officer turned into the right hand lane behind respondent's vehicle and turned on his blue light. At that point respondent "slammed on brakes, swerved a couple of times, went on and pulled into Royal Avenue and about two-thirds of the block into Royal Avenue he stopped." Upon approaching respondent, the officer could smell the strong odor of alcohol about his person and noticed that respondent was unsteady on his feet, slightly staggered when he walked, and spoke in a slurred fashion. Respondent was unable to perform a field sobriety test. The officer stated that respondent "was very obnoxious, very angry, using a lot of profanity directed towards me." Respondent was then placed under arrest. He subsequently refused to take a breathalyzer test.

Further review of the evidence is unnecessary. It is sufficient to point out that there is abundant testimony to sustain the conclusion that, when respondent was apprehended, he was under the influence of intoxicants.

Respondent's appeal to the circuit court was based upon the erroneous conclusion that, since the magistrate stated the police radio broadcast in question was sufficient to constitute probable grounds for the arrest, no other facts may be considered on appeal to sustain the finding of probable cause. The record shows that the magistrate, in his ruling at the conclusion of the hearing of the motion to suppress, gave no grounds for his denial of the motion. The first indication of his reason-

ing is found in his return to the appeal to circuit court, in which he stated that he "feels that probable cause existed by the receipt of the radio contact from one police agency to another."

Both respondent and the circuit judge placed great emphasis upon the magistrate's conclusion that probable cause was established by the radio broadcast. The circuit judge felt he was bound by that conclusion of the magistrate and did not inquire further into the record to see if probable cause was elsewhere disclosed. Such failure was error.

An appellate court (as the circuit court was here in relation to the magistrate) is not, as a general rule, bound by the reasoning adopted below if the record discloses a correct result. In *Moorhead v. First Piedmont Bank & Trust Company*, 273 S. C. 356, 256 S. E. (2d) 414, we quoted the following from *Foster V. Taylor*, 210 S. C. 324, 42 S. E. (2d) 531: "No principle in the disposition of appeals is more firmly established than that a right decision upon a wrong ground will be affirmed."

The fact that the magistrate may have given the wrong ground for his decision did not preclude affirmance upon a proper ground sustained by the record. The evidence shows that the arresting officer had probable cause to stop respondent for speeding and, upon observing respondent's physical condition, to arrest him for driving his automobile while under the influence of intoxicants.

The trial judge concluded, however, that only the evidence before the magistrate at the pretrial suppression could be considered in determining the legality of the arrest and that the issue could not be again considered at the subsequent trial. We do not think the pretrial suppression hearing precluded the trial judge from considering the admissibility of the evidence in question at the trial of the case.

We have no rule in this State requiring that a pretrial motion be made to suppress allegedly illegally obtained evidence. In the absence of such a rule where a pretrial motion to suppress is made, the question of whether the pretrial ruling on the motion to suppress is conclusive of the issue or whether the suppression issue may be again determined in the light of the trial testimony rests largely within the discretion of the trial judge. In this case, no objection was

interposed at the trial to the testimony of the arresting officer concerning the circumstances surrounding respondent's arrest. Only the motion to suppress the evidence because of the alleged illegality of the arrest was renewed at the conclusion of the State's case. The court, in ruling upon that motion, gave no reasons but simply stated: "The court will deny that motion."

When the trial judge denied the trial motion to suppress, he had before him, without objection, the testimony of the arresting officer concerning the arrest. In reviewing the trial court's ruling, the entire record before him, when the ruling was made, must be considered, and the circuit judge was in error in failing to do so. That record clearly shows probable cause for the respondent's arrest without a warrant, rendering admissible the testimony that respondent was operating his automobile on the occasion in question while under the influence of intoxicants.

The judgment under appeal is, accordingly, reversed and the judgment of conviction rendered by the Court of Magistrate is reinstated.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.