22142

CAROLINA PRODUCTION CREDIT ASSOCIATION, Respondent-Appellant, v. Colonel R. ROGERS, Patricia D. Rogers, Cornelia C. Rogers Shelley and Colonel R. Rogers, James Larry Rogers, and Lowell Andrew Rogers, individually and as Executors of the Estate of O. J. Rogers, and Unites States of America and The Federal Land Bank of Columbia, Defendants-Respondents, of whom Cornelia C. Rogers Shelley, James Larry Rogers, and Lowell Andrew Rogers, are, Appellants-Respondents. Appeal of Cornelia C. Rogers SHELLEY.

(318 S. E. (2d) 357)

Supreme Court

*Howard P. King*, of *Bryan, Bahnmuller, King, Goldman & McElveen*, Sumter, *for appellants-respondents.*

*Cyrus T. Sloan, III*, of *McLendon & Sloan*, Marion, *for respondent-appellant.*

Heard March 5, 1984.

Decided July 18, 1984.

NESS, Justice:

This is an action to collect the unpaid balance of a series of promissory notes payable to respondent, Carolina Production Credit Association. Appellants, Cornelia C. Rogers Shelley, et al., contend the trial court erred in (1) holding Mrs. Shelley was entitled to only one-half of the balance of three joint bank accounts which she had held with her late husband, O. J. Rogers, as joint tenants with right of survivorship; and (2) denying Mrs. Shelley's claim of dower in certain real property owned by her late husband. Additionally, the association claims the trial court erred in finding Mrs. Shelley was entitled to a homestead exemption in real property pledged as collateral to secure the promissory notes in question. We reverse as to the bank accounts and the homestead exemption.

Between November 6, 1975 and December 21, 1977, appellant Shelley's late husband, O. J. Rogers, and his son, Colonel R. Rogers, jointly executed a series of promissory notes payable to the Association. While O. J. Rogers did not pledge any specific property to secure the loan, it was understood that, as a co-maker, he would be primarily responsible for repayment of the debt.

On January 24, 1978, O. J. Rogers died testate, leaving all of his property to his wife for life or until she remarried, with a remainder in his three sons. Subsequently, the son, Colonel R. Rogers defaulted on the loans. The Association then instituted this action to foreclose certain mortgages given by Colonel R. Rogers and to collect any deficiency from O. J. Rogers' estate.

Appellants first contend the trial court erred in awarding only one-half, rather than all funds contained in three joint bank accounts which the wife had maintained with her husband as joint tenants with right of survivorship. We agree.

S. C. Code Ann. § 34-11-10 (1976), which governs joint bank accounts, provides:

> When any deposit has been made in any bank, banking institution or depository transacting business in this State in the names of two persons, payable to either or payable to either or the survivor, such deposit or any part thereof may be paid to either of such persons, whether the other be living or not and the receipt or acquittance of the person so paid shall be a valid and sufficient release and discharge for any or all payments so made. The term 'deposit' shall include a certificate of deposit.

"Relying on this section, we have previously held ... a rebuttable presumption arises that the parties to ... [the] monies to be paid to the survivor as owner." *Clinkscales v. Clinkscales*, 275 S. C. 308, 311, 270 S. E. (2d) 715, 716 (1980); *see also, Gilford v. South Carolina National Bank*, 257 S. C. 374, 186 S. E. (2d) 258 (1972). "... [T]his presumption may be rebutted by evidence which would negate the donative intention of the deceased." *Johnson v. Herrin*, 272 S. C. 224, 228, 250 S. E. (2d) 334, 336 (1978).

In determining whether this presumption has been rebutted, we analyze all relevant factors, including, but not limited to: (a) whether the accounts were used solely for the depositor's benefit; (b) who made the deposits and withdrawals; (c) whether the survivor of the joint account was meant to be favored by the deceased party; and (d) whether a gift to the survivor would be destructive of the depositor's general testamentary plan. *Johnson*, 250 S. E. (2d) at 336-7.

In an action in equity tried by a judge without a reference, we are entitled "to find [the] facts in accordance with ... [our] view of the preponderance of the evidence." *Townes Associates, Ltd. v. City of Greenville*, 266 S. C. 81, 86, 221 S. E. (2d) 773, 775, (1976). We hold the Association did not rebut the presumption that the parties intended the accounts to constitute joint tenancies with right of survivorship, as (a) the funds from the account were used for the support of both parties during the marriage; (b) both parties were entitled to and did, at least periodically, make deposits and withdrawals; (c) the preponderance of the evidence in the record suggests the wife was meant to be favored by the deceased party; and (d) a gift to the wife as survivor would not destroy the depositor's general testamentary plan.

Appellants also maintain the trial court erred in denying Shelly's claim of dower in certain land which served as security for the loans made to her son, Colonel R. Rogers. We disagree.

Through his will, O. J. Rogers left all of his property to his wife for the remainder of her life or widowhood. This legacy included a one-half interest in a forty-six acre tract of land which is one of the subjects of this foreclosure action.

The record indicates the wife resided in the marital home and received income from the devised property, under the terms of the will, for at least three years after her husband's death. She then remarried, and has since remained on this property through the consent of her children.

A widow may not claim both legacy and dower where "the two are inconsistent under the will and would defeat the intention of the testator." *Bomar v. Wilkins, et al.*, 154 S. C. 64, 69, 151 S. E. 110, 112 (1930). Generally, where a husband devises real property to his wife for life or widowhood, she must elect between her dower and the provision for her in the will. *See Wilson v. Hayne*, Cheves Eq. 37 (S. C. 1840); *Caston v. Caston*, 2 Rich. Eq. 1 (S. C. 1845).

We find the wife's conduct clearly indicates an election to take under the provisions of the will, and hold the trial court reached the proper result in denying her dower claim.[1]

Finally, the Association argues the trial court erred in allowing Mrs. Shelley a homestead exemption, pursuant to S. C. Code Ann. § 15-41-10 (1976), in real property owned by O. J. Rogers, claiming her remarriage prior to the commencement of this action extinguished this right. We agree.

". . . [U]pon the death of 'a head of a family,' who owes debts, and to whom no homestead has been assigned in his or her lifetime, the right to interpose the claim of homestead exemption . . . against the debts of . . . [the] deceased . . . is transferred . . . to the widow or children, or both." *Dorn v. Stidham*, 139 S. C. 66, 83, 137 S. E. 331, 337 (1927); *In re: Snoddy's Estate*, 201 S. C. 14, 21 S. E. (2d) 198 (1942).

---

[1] Although the trial court denied the dower claim based on his determination that dower was unconstitutional, we affirm under *State v. Goodstein*, 278 S. C. 125, 292 S. E. (2d) 791 (1982).

While Mrs. Shelley was within the class of dependents entitled to the homestead exemption at the time of Roger's death, we hold her remarriage prior to the commencement of this foreclosure action removed her from this class, and the trial court properly denied her homestead claim.

Affirmed in part and reversed in part.

LITTLEJOHN, GREGORY and HARWELL, JJ., concur.

LEWIS, C. J., concurs in the opinion, but not in the footnote.