23310

CITY OF ORANGEBURG, Appellant v. Angus F. CARTER, III,
Respondent.

(400 S.E. (2d) 140)

Supreme Court

*James F. Walsh, Jr.*, Orangeburg, *for appellant.*

*Bradley C. Hutto*, of *Williams & Williams*, Orangeburg,
and *Reese I. Joye, Jr.*, North Charleston, *for respondent.*

Heard April 15, 1990.

Decided Jan. 21, 1991.

GREGORY, Chief Judge:

Respondent was convicted in municipal court of first of-
fense driving under the influence (DUI) under S.C. Code Ann.
§ 56-5-2930 (Supp. 1989). He was fined $268.00. On appeal, the
circuit court reversed the conviction. We reverse.

First, the circuit court held respondent's arrest was illegal because the arresting officer had no probable cause to stop him within city limits. To the contrary, the record indicates the officer observed respondent make an improper left turn within city limits establishing probable cause to stop. *See State v. Goodstein*, 278 S.C. 125, 292 S.E. (2d) 791 (1982); *State v. Parker*, 271 S.C. 159, 245 S.E. (2d) 904 (1978).

Second, the circuit court held the trial judge's refusal to charge that the City must prove both a mental and physical impairment in order to establish DUI was reversible error. We disagree. The trial judge adequately charged the jury that DUI is established by proof the defendant's ability to drive was materially and appreciably impaired. *See Dixon v. Weir Fuel Co.*, 251 S.C. 74, 160 S.E. (2d) 194 (1968).

Accordingly, the judgment of the circuit court is reversed and respondent's conviction is reinstated.

Reversed.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.