■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY R. WALTERS, Appellant. [623 NYS2d 396] —Mercure, J. P. Appeal from a judgment of the County Court of Chenango County (Dowd, J.), rendered September 24, 1993, upon a verdict convicting defendant of the crimes of driving while intoxicated (two counts) and aggravated unlicensed operation of a motor vehicle in the first degree.

Initially, we reject defendant's contentions concerning the sufficiency of the trial evidence. State Trooper Carolyn Mullin testified that on the evening of July 3, 1992 she was on routine road patrol in a marked State Police vehicle on State Route 12 in the Town of Oxford, Chenango County. At approximately 7:30 P.M., a citizen signaled for Mullin to stop her vehicle and advised her that a southbound black Chevrolet Celebrity was "driving erratically and was all over the road". Mullin immediately pursued the vehicle, catching up to it within "a couple [of] minutes", and personally observed it being operated in an erratic manner, repeatedly crossing over the center double yellow line and the white fog line on the side of the road. Before Mullin had a safe opportunity to stop the vehicle, it pulled into a convenience store.

Mullin followed, coming to a stop directly behind the vehicle, with her roof lights activated, exited her car and walked directly to the driver's door of the vehicle as the driver, who she identified as defendant, was exiting. Mullin asked defendant for his license and registration (he could produce neither) and, detecting an odor of an alcoholic beverage on defendant's breath and noticing his glassy eyes and slurred speech, requested that defendant perform some field sobriety tests and submit to an alcosensor test. Based on the test results, Mullin

arrested defendant for driving while intoxicated, handcuffed him and, after obtaining police assistance to deal with defendant's passenger, Christopher Thompson, and another unidentified individual who appeared on the scene, transported defendant to the police station. Following administration of the statutory warning (Vehicle and Traffic Law § 1194 [2] [b]), a breathalyzer test was performed, indicating that defendant had .20% or more by weight of alcohol in his blood.

In view of the foregoing, we are not at all persuaded that Mullin's initial stop of defendant's vehicle was supported only by an anonymous tip or that defendant's conviction was based solely on circumstantial evidence. To the contrary, the stop and defendant's subsequent arrest were based upon Mullin's personal observations, which constitute direct evidence *(see, People v Daddona,* 81 NY2d 990, 992). Further, viewing the evidence in a light most favorable to the People *(see, People v Allah,* 71 NY2d 830; *People v Bleakley,* 69 NY2d 490, 494) and weighing the relative probative force of the testimony and giving deference to the jury's verdict *(see, People v Bleakley, supra,* at 495), we conclude that the People met their burden of proving defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence. In the exercise of its fact-finding function, the jury was entitled to and obviously did reject the defense testimony that it was Thompson and not defendant who was driving the vehicle, and we conclude that there is no basis on which to disturb its finding of guilt.

Finally, in their summation the People were entitled to make fair comment on evidence, introduced by defendant's counsel during his cross-examination of Mullin, to the effect that defendant never protested that he was not the driver of the vehicle until he and Mullin were en route to the police station *(see, People v Peterson,* 186 AD2d 231, 232, *affd* 81 NY2d 824). The other alleged prosecutorial misconduct addressed in defendant's brief was, in the context of the entire summation, at worst, harmless *(see, People v Galloway,* 54 NY2d 396, 401).

Crew III, Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed.