2558

Bruce Wade KELLY, Appellant v. SOUTH CAROLINA DEPARTMENT OF HIGHWAYS (now known as the Department of Public Safety), Respondent.

(474 S.E. (2d) 443)

Court of Appeals

*Thomas K. Fowler, Jr.*, Columbia, *for appellant.*

*Joseph H. Lumpkin, Jr.*, Columbia, *for respondent.*

Submitted Aug. 1, 1996.

Decided Aug. 19, 1996.

GOOLSBY, Judge:

This is an appeal by Bruce Wade Kelly under S.C. Code Ann. § 1-23-380 (1986 and Supp. 1995) of an administrative de-

cision by the South Carolina Department of Highways to suspend Kelly's driving privileges because of his refusal to take a breathalyzer test. The circuit court affirmed the suspension. We do likewise.[1]

Kelly was arrested for driving under the influence within the city limits of Newberry, South Carolina, by a Newberry city police officer. The arresting officer took him to the Newberry County Detention Center for a breathalyzer test; however, there was no operable breath-testing device available in the City of Newberry at the time. The arresting officer and another Newberry city police officer then drove Kelly to Prosperity, South Carolina. After they reached Prosperity, the second officer offered Kelly a breathalyzer test, which Kelly refused.

1. Kelly first argues the circuit court erred in ruling he had refused a valid breathalyzer test. In support of his position, he argues the Newberry city police officer who arrested him did not have law enforcement authority in Prosperity, where the test was offered and refused.

S.C. Code Ann. § 56-5-2950 (1977 and Supp. 1995), South Carolina's implied consent statute, reads in pertinent part as follows:

(a) A person who operates a motor vehicle in this State is considered to have given consent to chemical tests of his breath, blood, or urine for the purpose of determining the presence of alcohol or drugs if arrested for an offense arising out of acts alleged to have been committed while the person was operating a motor vehicle while under the influence of alcohol, drugs, or a combination of them. A test must be administered at the direction of a law enforcement officer who has apprehended a person for operating a motor vehicle in this State while under the influence of alcohol, drugs, or a combination of them. At the direction of the arresting officer the person first must be offered a breath test to determine the alcohol concentration of his blood.... The breath test must be administered by a person trained and certified by SLED, using

---

[1] Because oral argument would not aid the court in resolving any issue on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.

methods approved by SLED. The arresting officer may not administer the tests.

The statute does not require that the test be offered or administered within the jurisdiction where the arrest took place. Furthermore, it does not require the arresting officer to actually offer or administer the test, but rather states only that the test should be offered and administered at the arresting officer's direction. In fact, the statute clearly prohibits the arresting officer from administering such a test. Finally, the need to administer chemical testing in a timely manner constituted exigent circumstances warranting the administration of the test in another locality. *Cf. State v. Locke,* 418 A. (2d) 843 (R.I. 1980) (the results of a breathalyzer test administered outside the municipality where the defendant was arrested were admissible because the effect of the delay on the traces of alcohol in the defendant's blood justified the police officer's retaining custody of the defendant and transporting him outside the municipality for the test).

Kelly further argues the suspension of his driving privileges was invalid under § 56-6-2950(d). That part of the statute provides that driving privileges shall be suspended on the basis of a report of a law enforcement officer that a driver was operating a motor vehicle under the influence of alcohol or drugs and had refused to submit to chemical testing at the officer's request. Kelly contends the Newberry city police officer who arrested him had no authority to request a breathalyzer test in Prosperity. We disagree. The arresting officer properly retained custody of Kelly to transport him to Prosperity for the purpose of administering the breathalyzer test; therefore, the officer had the authority in Prosperity to request that Kelly take the test.

2. Kelly next argues that during his trial for driving under the influence, which resulted in his acquittal, the police officer's testimony established there was no probable cause for his arrest and therefore no basis for offering a breathalyzer test. We disagree. The arresting officer testified he observed Kelly's vehicle swerve abruptly to the right and nearly hit a median, thus prompting a reasonable suspicion on the officer's part that Kelly was intoxicated to justify a stop and brief detention. *See City of Orangeburg v. Carter,*

303 S.C. 290, 400 S.E. (2d) 140 (1991) (an officer's observation of an improper left turn by the defendant within city limits established probable cause for a routine stop). The officer further testified that after making the stop, he smelled the odor of alcoholic beverage; Kelly performed poorly in a field sobriety test; and Kelly admitted to having drunk a few beers. Under these circumstances, the officer had probable cause to arrest Kelly for driving under the influence. *See State v. Goodstein*, 278 S.C. 125, 292 S.E. (2d) 791 (1982) (an arresting officer's testimony that the defendant had a strong odor of alcohol about his person, was obnoxious and unsteady on his feet, and failed a field sobriety test supported the conclusion the defendant's arrest for driving under the influence of intoxicants was legal).

Affirmed.

HUFF and HOWARD, JJ., concur.