541 S.E.2d 247

The STATE of South Carolina, Respondent,

v.

Elliott G. SALISBURY, Jr., Petitioner.

No. 25230.

Supreme Court of South Carolina.

Heard Dec. 2, 1999.

Decided Jan. 16, 2001.

Stephen P. Groves, Sr., Stephen L. Brown, Young, Clement, Rivers & Tisdale, L.L.P., Charleston, John L. Drennan, Joye Law Firm, L.L.P., North Charleston, for petitioner.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Columbia, Solicitor Walter M. Bailey, Jr., Summerville, for respondent.

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

TOAL, Chief Justice:

Elliott G. Salisbury, Jr. ("Salisbury") appeals the Court of Appeals' decision he was not entitled to a circumstantial evidence jury charge at his trial for driving under the influence ("DUI"). We affirm.

### FACTUAL/PROCEDURAL BACKGROUND

At Salisbury's trial for DUI, the State's case consisted of the following evidence. In Dorchester County on December 23, 1995, three Highway Patrol troopers observed Salisbury exceeding the speed limit in his pickup truck and crossing the center line of the road on three occasions. When Salisbury was stopped, Officer Link observed Salisbury had an odor of alcohol on his breath, he was unsteady on his feet, his eyes were bloodshot, and he had the general appearance of being under the influence. Salisbury acknowledged he had been drinking. Salisbury failed three field sobriety tests adminis-

tered by Officer Link. Salisbury was unable to complete the alphabet, unable to complete the "walk and turn" test, and, according to one officer, when asked to do the "one leg stand" test, he responded he was "too drunk to do that shit." Salisbury was arrested for DUI and transported to the patrol office where Trooper Robert Beres administered a breathalyzer test that indicated he had a blood alcohol level of .21.

Salisbury presented a defense case that consisted of the following evidence. Salisbury testified at trial that a back injury contributed to his behavior the night he was arrested. He claimed he was driving to buy pain pills for his back condition when he was stopped. Salisbury admitted to drinking four beers between 8:00 and 12:00 p.m. He claimed he was crossing the center line of the road because he was unfamiliar with the truck he was driving and was having difficulty with the defroster. To explain his failure of the field sobriety tests, Salisbury claimed: (1) he was unable to recite the alphabet because he had not been in school since the 1970s; (2) he was unable to walk heel-to-toe or walk in a straight line because of his back condition; and (3) he could not stand on one foot because, weighing three hundred pounds, he "could not stand all that weight on one leg." Salisbury also denied making the statement he was "too drunk to do that shit" after he was asked to perform the "one leg stand" test. According to Salisbury, he said "I guess you think I can't do this shit because I'm drunk; but it's because of my back."

On May 29, 1996, Salisbury was found guilty of DUI and was sentenced to one year and a $2,000 fine, suspended upon the service of sixty days or twenty days of public service and payment of $1,500 with two years probation. The trial judge refused to give a charge on circumstantial evidence. The Court of Appeals affirmed his conviction and sentence on February 17, 1998. *State v. Salisbury*, 330 S.C. 250, 498 S.E.2d 655 (Ct.App.1998). Salisbury appeals to this Court on the following issue:

Did the Court of Appeals err in affirming the trial judge's refusal to charge the jury on circumstantial evidence?

## LAW/ANALYSIS

Salisbury argues the Court of Appeals erred by affirming the trial court's refusal to give a charge on circumstantial evidence. Salisbury contends the trial judge was required to give the jury a circumstantial evidence charge where the State relied entirely, or at least substantially, on circumstantial evidence to prove Salisbury was driving while impaired. Specifically, Salisbury argues he was entitled to the circumstantial evidence jury charge outlined in *State v. Grippon,* 327 S.C. 79, 489 S.E.2d 462 (1997). We disagree.

Salisbury was not entitled to a circumstantial evidence charge under the facts of this case. Salisbury was tried in May 1996, more than one year prior to this Court's opinion in *Grippon.* Accordingly, *Grippon* is inapplicable to this case, and whether Salisbury was entitled to a traditional circumstantial evidence charge is dependent upon the law in effect at the time of his trial. Prior to *Grippon,* if a request was made for a circumstantial evidence instruction, it was within the trial judge's discretion to deny the request when the crime and the identity of the perpetrator were established by direct evidence and the circumstances introduced were merely corroborative. *See State v. Carroll,* 277 S.C. 306, 286 S.E.2d 382 (1982); *State v. Jenkins,* 270 S.C. 365, 242 S.E.2d 420 (1978); *State v. Simmons,* 269 S.C. 649, 239 S.E.2d 656 (1977).

Prior to *Grippon,* a circumstantial evidence charge was required, even in the absence of a request, if the State relied solely on circumstantial evidence to support a conviction. *State v. Langston,* 265 S.C. 74, 216 S.E.2d 875 (1975); *State v. Fuller,* 227 S.C. 138, 87 S.E.2d 287 (1955); *State v. Baker,* 208 S.C. 195, 37 S.E.2d 525 (1946). In the absence of such a request, where there was any direct evidence supporting the conviction, the failure to give a circumstantial evidence charge was not error. *State v. Moorer,* 241 S.C. 487, 129 S.E.2d 330 (1963); *State v. White,* 211 S.C. 276, 44 S.E.2d 741 (1947). However, if requested, as in the present case, such a charge was not required where the State relied upon direct evidence to prove the acts of the crime and the identity of the perpetrator, and circumstantial evidence was merely corroborative or offered to demonstrate intent. *State v. Carroll, supra; State v. Jenkins, supra; State v. Simmons, supra.*

In the instant case, there was sufficient direct evidence[1] establishing the elements of DUI and the identity of the perpetrator, such that the circumstantial evidence was merely corroborative. In South Carolina, the corpus delicti of DUI must be established by proof that a person's ability to drive has been materially and appreciably impaired by the use of alcohol and/or drugs.[2] *Przybyla v. South Carolina Dep't. of Highways and Pub. Transp.*, 313 S.C. 116, 437 S.E.2d 70 (1993) (citing *City of Orangeburg v. Carter*, 303 S.C. 290, 400 S.E.2d 140 (1991)); *see also* S.C.Code Ann. § 56-5-2930 (Supp.1999). In other words, the State has to prove: (1) Salisbury's ability to drive was materially and appreciably impaired; and (2) this impairment was caused by the use of drugs or alcohol.

The evidence produced at trial included the testimony of two police officers, Officer Link and Officer Woods, that Salisbury was speeding and weaving over the center line. Officer Link testified Salisbury smelled of alcohol, was un-

---

1. Evidence can be divided into two basic categories: direct and circumstantial. Direct evidence is evidence based on actual knowledge and proves a fact without inference or presumption. *See* BLACK's LAW DICTIONARY 577 (7th ed.1999). Direct evidence immediately establishes the main fact to be proved. *Nichols v. Indiana*, 591 N.E.2d 134 (Ind.1992) (citing Herrick, Underhill's *Criminal Evidence* § 15 (Supp. 1970)). Circumstantial evidence immediately establishes collateral facts from which the main fact may be inferred, and is typically characterized by inference or presumption. *See Nichols, supra;* BLACK's LAW DICTIONARY 576 (7th ed.1999) (circumstantial evidence is "evidence based on inference and not on personal knowledge or observation."); *see also* 75B AM.JUR.2D *Trial* § 1390 (1992) ("If the main fact sought to be proved is a matter of inference, the case is one of circumstantial evidence.").

2. S.C.Code Ann. § 56-5-2930 (Supp.1999) outlines the elements of DUI:

    It is unlawful for a person to drive a motor vehicle within this State while under the:
    (1) influence of alcohol to the extent that the person's faculties to drive are materially and appreciable impaired;
    (2) influence of any other drug or a combination of other drugs or substances which cause impairment to the extent that the person's faculties to drive are materially and appreciably impaired; or
    (3) combined influence of alcohol and any other drug or drugs, or substances which cause impairment to the extent that the person's faculties to drive are materially and appreciably impaired.

steady on his feet, had bloodshot eyes, could not recite the alphabet, and could not do the one-leg stand test. In Link's opinion, Salisbury was grossly intoxicated and his faculties were "very much so impaired" that Salisbury could not operate a motor vehicle safely. Similarly, Officer Woods testified as to Salisbury's unsteadiness on his feet, the fact he was leaning on his truck, could not say his ABC's, or do the one-leg stand test. There was "no doubt in [Officer Woods'] mind Salisbury was intoxicated" and was "in no condition to operate a motor vehicle safely." The breathalyzer operator, Officer Beres, testified Salisbury was unsteady on his feet, had slurred speech, and bloodshot eyes; in Beres' opinion, Salisbury was intoxicated and unable to operate a motor vehicle safely. In addition to the three police officers' testimony, Salisbury admitted he had been drinking, had gotten "tripped up" saying the ABC's, could not perform the one-leg stand test, and could not walk a yellow line.

The officers' personal observations and opinions of Salisbury's actions, appearance, and condition constitute direct evidence because it is based on the officers' actual knowledge of the situation and requires no inference by the jury. *See generally New York v. Walters*, 213 A.D.2d 810, 623 N.Y.S.2d 396 (1995); *Nichols, supra; South Dakota v. Edmundson*, 379 N.W.2d 835 (S.D.1985); *Nebraska v. Lewis*, 177 Neb. 173, 128 N.W.2d 610 (1964); *Conner v. Duffy*, 438 Pa.Super. 277, 652 A.2d 372 (1994); *Murray v. Texas*, 689 S.W.2d 247 (Tex.Ct. App.1985); *Minnesota v. Stokes*, 354 N.W.2d 53, 56 (Minn.Ct. App.1984); *California v. Garcia*, 149 Cal.App.3d Supp. 50, 197 Cal.Rptr. 277 (Cal.Ct.App.1983); *Tennessee v. Wiggs*, 1995 WL 324602 (Tenn.Crim.App.1995). Accordingly, we find the direct evidence in this case is sufficient to establish the elements of the crime and the identity of the perpetrator such that the trial court did not abuse its discretion in refusing a circumstantial evidence charge. *State v. Carroll, supra.*

## CONCLUSION

Based on the foregoing, the Court of Appeals' decision is **AFFIRMED** as modified.

MOORE, WALLER and BURNETT, JJ., concur.