**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Shelton Butler, Appellant.

Appellate Case No. 2014-001274

---

Appeal From Horry County
Steven H. John, Circuit Court Judge

---

Unpublished Opinion No. 2016-UP-181
Heard March 7, 2016 – Filed April 20, 2016

---

**AFFIRMED**

---

Elizabeth Brooks Hurt, of Query Sautter Forsythe, LLC, of Charleston; and Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, Assistant Attorney General Caroline M. Scrantom, all of Columbia; and Solicitor Jimmy A. Richardson, II, of Conway, for Respondent.

**PER CURIAM:** Shelton Butler appeals his conviction for murder, arguing (1) the trial court should not have allowed the jury to hear testimony about the murder before it was established that he was involved in a prearranged plan to commit a robbery and (2) he was entitled to a directed verdict because the State failed to present substantial evidence beyond a reasonable doubt of his participation in a common plan or scheme.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the trial court erred in prematurely allowing the jury to hear testimony about the murder: *State v. Woomer*, 276 S.C. 258, 264, 277 S.E.2d 696, 699 (1981) (stating that to admit evidence under the "hand of one is the hand of all" theory, "the existence of the common design and the participation of the accused against whom the evidence is offered should first be shown"), *overruled on other grounds by State v. Torrence*, 305 S.C. 45, 406 S.E.2d 315 (1991); *id.* at 263-64, 277 S.E.2d at 699 (rejecting the defendant's argument that because someone other than the defendant had raped the victim, evidence about the condition of the victim's body was inflammatory and prejudicial); *id.* at 264, 276 S.E.2d at 699 ("There was ample testimony at that stage of the trial from which the *trial judge* could find that [the defendant and alleged co-conspirator] were partners in furtherance of illegal purposes." (emphasis added)); *State v. Saltz*, 346 S.C. 114, 121, 551 S.E.2d 240, 244 (2001) ("The admission or exclusion of evidence is left to the sound discretion of the trial judge, whose decision will not be reversed on appeal absent an abuse of discretion.").

2.  As to whether the trial court should have directed a verdict: *State v. Pearson*, Op. No. 27612 (S.C. Sup. Ct. filed March 23, 2016) (Shearouse Adv. Sh. No. 12 at 13, 22) ("[A]lthough the *jury* must consider alternative hypotheses, the *court* must concern itself solely with the existence or non-existence of evidence from which a jury could reasonably infer guilt." (quoting *State v. Bennett*, 415 S.C. 232, 237, 781 S.E.2d 352, 354 (2016))); *id.* ("[O]ur duty is not to weigh the plausibility of the parties' competing explanations.  Rather, we must assess, whether, in the light most favorable to the State, there was substantial circumstantial evidence from which the jury could infer [the defendant's] guilt." (quoting *State v. Larmand*, 415 S.C. 23, 32, 780 S.E.2d 892, 896 (2015))); *State v. Odems*, 395 S.C. 582, 586, 720 S.E.2d 48, 50 (2011) ("[I]f there is any direct or *substantial* circumstantial evidence reasonably tending to prove the guilt of the accused, an appellate court must find the case was properly submitted to the jury."); *State v. Salisbury*, 343

S.C. 520, 524 n.1, 541 S.E.2d 247, 248 n.1 (2001) ("Direct evidence immediately establishes the main fact to be proved.").

**AFFIRMED.**

**SHORT, THOMAS, and KONDUROS, JJ., concur.**